(108 So. 47)

JENKINS et al. v. RAULSTON. (8 Div. 800.)

(Supreme Court of Alabama. March 18, 1926. Rehearing Denied April 22, 1926.)

1. **Boundaries ⬳32—Bill to settle disputed boundary need not allege facts showing independent equity (Acts 1923, p. 764, being Code 1923, § 6465, amending Code 1907, § 3052, subd. 5).**

Under Acts 1923, p. 764, being Code 1923, § 6465, amending Code 1907, § 3052, subd. 5, bill to settle disputed boundary line between adjoining lands need not allege facts showing independent equity.

2. **Jury ⬳31(6)—Statutory amendment, giving equity court jurisdiction to establish disputed boundary lines, though bill does not aver facts showing independent equity, held not to violate right of trial by jury (Acts 1923, p. 764, being Code 1923, § 6465, amending Code 1907, § 3052, subd. 5; Const. 1901, § 11).**

Acts 1923, p. 764, being Code 1923, § 6465, amending Code 1907, § 3052, subd. 5, so as to give circuit court in equity jurisdiction to establish disputed boundary lines, though bill avers no facts showing independent equity, does not contravene Const. 1901, § 11, guaranteeing right of trial by jury, jurisdiction of court of equity in such matter not being enlarged thereby.

3. **Appeal and error ⬳1107—Statutes in effect after conclusion of pleadings in boundary dispute suit cannot be considered on subsequent appeal (Code 1923, §§ 6439–6441).**

Code 1923, §§ 6439–6441, effective after conclusion of pleadings in suit to settle disputed boundary line between adjoining lands, cannot be considered by Supreme Court on subsequent appeal.

4. **Appeal and error ⬳78(3)—Sufficiency of bill alleging estoppel against defendants, held not reviewable, in absence of decree on demurrers thereto.**

In absence of decree on demurrers to amended bill setting up estoppel against defend-

ants as to location of disputed boundary line, there is nothing for Supreme Court to review on such phase of bill.

5. **Boundaries ⬳43—Decree that complainants were entitled to establishment and definition of boundary lines between adjoining lands held warranted by bill and evidence.**

Where, in bill to settle disputed boundary line, witnesses' testimony and muniments of title and maps in evidence showed that parties were adjoining landowners, and that boundary lines between their lands were uncertain and in dispute, court correctly decreed that complainants were entitled to establishment and definition of such line.

6. **Boundaries ⬳43—Decree appointing commissioners to fix disputed boundary line and make written report to court for confirmation or rejection held authorized.**

In suit to settle disputed boundary line, appointing disinterested commissioners to mark line and make written report to court for confirmation or rejection held authorized, in view of confusion and uncertainty of testimony and maps in evidence.

7. **Ejectment ⬳31—Judgment ⬳747(1)—Judgment for defendant in ejectment held conclusive as to ownership of disputed tract in subsequent suit by same plaintiffs against defendant's heirs to settle disputed boundary, though not binding in another ejectment suit (Code 1923, § 7474).**

While judgment for defendant in ejectment suit, wherein title to land was in issue, will not bar action between same parties for recovery of land (Code 1923, § 7474), judgment in such suit that land between disputed boundary lines belonged to defendant was conclusive on parties to subsequent suit by same plaintiffs against defendant's heirs to settle disputed boundary line, which each side contended should be run so as to give them such tract, where plaintiffs did not appeal therefrom.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by D. T. Crownover and Elizabeth Raulston against J. M. Jenkins and others. From a decree for complainant, Raulston, Crownover having died, respondents appeal. Affirmed in part, reversed in part, and remanded.

Ernest Parks, of Scottsboro, for appellants.

A court of equity has jurisdiction to define uncertain or disputed boundary lines; but, to give the complaint equity, it must aver facts presenting a case of confusion, etc. Ashurst v. McKenzie, 9 So. 262, 92 Ala. 484; Jasper v. Eddins, 94 So. 516, 208 Ala. 431; Gulf Red Cedar Lumber Co. v. Crenshaw, 42 So. 564, 148 Ala. 343. The suit in ejectment was res judicata as to this suit. Handy v. Gray, 93 So. 614, 207 Ala. 615; McNeil v. Ritter, 104 So. 230, 213 Ala. 24; Huntsville v. Gooden-

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

rath, 68 So. 676, 13 Ala. App. 579; Robinson v. Inzer, 70 So. 717, 195 Ala. 491; Richardson v. Powell, 74 So. 364, 199 Ala. 275; Coleman v. Stewart, 53 So. 1020, 170 Ala. 255. An act of the Legislature which clearly contravenes the inviolability of the right of trial by jury is void. Const. 1901, § 11; Goodman v. Carroll, 87 So. 368, 205 Ala. 305.

D. P. Wimberly and John F. Proctor, both of Scottsboro, for appellee.

No independent equity need be shown in a bill to settle boundaries. Acts 1923, p. 764; Code 1923, § 6465 (5); Turner v. De Priest, 87 So. 370, 205 Ala. 313; Guice v. Barr, 30 So. 563, 130 Ala. 570; 9 C. J. 236. An action in ejectment is not conclusive of the equitable rights of the parties growing out of the subject-matter of the suit. Southern Ry. v. Cowan, 29 So. 985, 129 Ala. 577; Ex parte State, 95 So. 49, 208 Ala. 654; Williamson v. Mayer Bros., 23 So. 3, 117 Ala. 253; Carr v. Moore, 82 So. 473, 203 Ala. 223; Code 1923, § 7474. One action in ejectment is not conclusive of the question of title nor of boundary line; it is not a bar to a second action in ejectment or suit in equity. Hale v. Chandler, 61 So. 885, 180 Ala. 391; Harper v. Campbell, 14 So. 650, 102 Ala. 342; Boyle v. Wallace, 8 So. 194, 81 Ala. 352; Jones v. De Graffenreid, 60 Ala. 145; Camp v. Forrest, 13 Ala. 114; 34 C. J. 947; 19 C. J. 1072; 23 Cyc. 1326. The act of 1923 does not violate section 11 of the Constitution. Chevrolet Auto v. State, 87 So. 592, 205 Ala. 337; Holland v. Challen, 3 S. Ct. 495, 110 U. S. 15, 28 L. Ed. 52.

This case having been submitted under rule 46, the opinion of the court was delivered by Mr. Justice MILLER.

This is a bill in equity filed by D. T. Crownover and his daughter, Elizabeth Raulston, against J. M. Jenkins and others, heirs at law of Paulina E. T. Jenkins, deceased, seeking relief in two aspects: First, to settle a disputed boundary line between the adjoining lands of complainants and the respondent; and, second, seeking an estoppel against respondents as to the location of the boundary line between their respective lands. This appeal is by respondents from the final decree in the cause in favor of complainants.

The court overruled demurrers to the bill as to its seeking to establish the disputed boundary line, and sustained demurrers to the bill as to its seeking an estoppel against respondents as to the location of this boundary line.

[1] Prior to the amendment of subdivision 5 of section 3052, Code of 1907 (Acts 1923; p. 764), the court had jurisdiction to establish disputed boundary lines, but the bill had to aver some facts showing right to equitable relief in order to give equity to the bill. Ashurst v. McKenzie, 9 So. 262, 92 Ala. 484; Jasper v. Eddins, 94 So. 516, 208 Ala. 431. This

bill in that aspect was drawn to meet those decisions, and was not subject to the demurrers of the respondents. Since the Act of 1923, p. 764, approved October 1, 1923, this subdivision 5 of section 3052, Code 1907 (now section 6465, Code of 1923), reads: The circuit court in equity matters has jurisdiction: "5. To establish and define uncertain or disputed boundary lines whether the bill contains an independent equity or not." These words, "whether the bill contains an independent equity or not," were added by this act. This bill was filed February 12, 1924, and the decree on the demurrer was rendered on May 1, 1924, after this amendment by the act was written in this section; and it was unnecessary for this bill to allege some facts showing an independent equity. Acts 1923, p. 764, § 1; section 6465, Code of 1923.

[2] But the respondents insist this act of 1923, amending section 3052 of the Code of 1907, is unconstitutional, that it violates section 11 of the Constitution of 1901, which declares that the right of trial by jury shall remain inviolate. This act does not contravene that section of the Constitution. The right to establish and define uncertain or disputed boundary lines belongs to a court of equity. This amendment to the statute does not enlarge the jurisdiction of the court of equity on the subject, but simply does not require an averment of facts in the bill showing an independent equity to render the bill of complaint free from objection by demurrer. Turner v. De Priest, 87 So. 370, 205 Ala. 313; Goodman v. Carroll, 87 So. 368, 205 Ala. 305, and authorities supra.

[3] Since this decree on this demurrer was rendered, and since the answer and plea were filed, sections 6439, 6440, and 6441 appear in the Code of 1923. They are new statutes therein, and they are on the subject of boundaries and proceedings to determine them between adjoining landowners. The Code of 1923 containing them went into effect on August 17, 1924. The pleadings in this cause, as to the six acres of land hereinafter mentioned, were concluded before the Code of 1923, containing these new sections, became operative, and they are not before us for consideration.

[4] The bill was amended by complainants as to that part setting up an estoppel against the respondents as to the location of the boundary line between them, and the respondents demurred again to the bill as thus amended. There is no decree of the court on these demurrers, and there is nothing further for us to review on that phase of the bill.

The respondents answered the bill, denying the boundary line claimed by the complainants was the true line, and stated where they claimed the line between their lands was located, and denied the facts setting up the estoppel.

[5] The trial court properly held and decreed from the pleading and proof that the

complainants were not entitled to relief sought on account of estoppel, but that complainants were entitled to relief in that part of the bill seeking to have the boundary line established, and the court so decreed.

[6] It is obvious from the pleading, the testimony of the witnesses, the muniments of title, and the numerous and various maps introduced in evidence that the complainants and the respondents are adjoining landowners, and the boundary lines between their lands are uncertain and in dispute. So the court correctly decreed that complainants were entitled to have established and defined the boundary lines between their lands. Again the court was correct when it stated in substance that, in the confusion and uncertainty of the testimony and the maps in evidence, the court could not correctly establish and fix this boundary line without the aid of commissioners, and the only and best way to finally fix the boundary line between the parties was to appoint disinterested commissioners to go upon the land with surveyors as they may choose and ascertain, fix and mark the line as shown by the pleadings, muniments of title, etc., and to make written report of their findings and acts to the court for confirmation or rejection, after the parties had time to file exceptions to their report. The court by decree so ordered. In making this part of the decree as to appointment of the commissioners and their authority, the court was well within its powers and authority, and did not err therein.

In Ashurst v. McKenzie, 9 So. 263, 92 Ala. 489, this court, in discussing this subject, wrote:

"Chancery jurisdiction to establish disputed boundaries is effectuated through a commission appointed to go upon the land and ascertain, fix and mark the true line, or being unable to determine and rehabilitate the real boundary to establish a line between the adjacent proprietors which, though it is not assumed or intended to be identical with the original and true line, yet leaves to each proprietor the acreage to which he is entitled."

Again, in Guice v. Barr, 30 So. 563, 564, 130 Ala. 570, 574, this court wrote on this subject:

"The duty of the commissioners was simply to go on the land, ascertain, fix and mark the line and report their action to the court."

[7] It appears from the pleading and the evidence that there are about six acres of land lying between the boundary lines, which are contended as correct by the parties. Complainants claim to own this six acres, and respondents claim to own it, and each side contends the true boundary line should be run so as to give them this six-acre tract.

The respondents incorporate in their answer a plea of res judicata as to these six acres of land. The plea avers, and it is sustained without dispute by the evidence, that the complainants, prior to filing this bill of complaint, filed a suit in this same equity court to settle disputed boundary lines as to the lands in this cause. The mother of respondents was a party respondent to that cause. That cause was by order of the court transferred to the law side of the docket. The complainants were plaintiffs in that suit, and the mother of respondents was the defendant therein. The plaintiffs then sued the mother of defendants for these six acres of land. The amended complaint in that ejectment suit described accurately these six acres. The defendant pleaded not guilty, statute of limitations of 10 years and 20 years to the complaint as amended. The suit was tried by the court on the issues without a jury, and the court found the issues in favor of the defendant, and held that the six acres of land belonged to the defendant, and not to the plaintiffs, who are the complainants in this cause. The defendant in the ejectment suit is the mother of the defendants in this cause; she is now dead, and they inherited these six acres from her. No appeal was taken by the plaintiffs from the judgment rendered in the ejectment suit. It stands as a final judgment between the parties and their privies on the issues involved, which were the ownership of and the right to possession of the six acres, in this cause.

It is true one judgment in favor of the defendant in an action of ejectment between the same parties in which the same title is put in issue will not bar another action for recovery of the land. Section 7474, Code of 1923. But the judgment in that ejectment suit under the evidence is conclusive and binding between the parties and their privies to this suit, and is not binding between them in another ejectment suit. The complainants in this suit claim to own the six acres of land, and the defendants claim to own it. This is an original bill, and was filed after that judgment in the ejectment suit was entered. The equity court in this proceeding has no control over that judgment in the ejectment suit. It was a trial of the title to the six acres between the parties to it, independent of and prior to the institution of this cause in equity. Richardson v. Powell, 74 So. 364, 199 Ala. 275; Handy v. Gray, 93 So. 614, 207 Ala. 617; McNeil v. Ritter, etc., 104 So. 230, 213 Ala. 24; Robinson v. Inzer, 70 So. 717, 195 Ala. 491; Coleman v. Stewart, 53 So. 1020, 170 Ala. 255; section 7474, Code 1923.

The court erred in failing to decree that the six acres of land involved in this cause, and which is described in the judgment in the ejectment suit, belonged to the respondents and not to the complainants, and the boundary lines between their lands should be fixed by the commissioners so that this six-acre tract would belong to the respondents, and not to the complainants. Authorities, supra.

The boundary line fixed, ascertained, and marked by the commissioners placed all or

practically all of this six-acre tract on the side thereof as if belonging to complainants ·instead of respondents. There were exceptions and objections filed by respondents to this report of the commissioners on that ground and the court overruled the objections and confirmed the report of the commissioners. In this ruling and by this decree the ·court erred. Authorities, supra. This decree will be reversed and the cause remanded so the trial court can enter a decree in accordance with this opinion and have the commissioners to ascertain, fix, and mark the boundary line accordingly.

The decree is affirmed, and, in part, reversed and remanded.

ANDERSON, C. J., 'and SAYRE and GARDNER, JJ., concur.