## CAMP v. DUNNAVENT.   (8 Div. 802.)

(Supreme Court of Alabama.   June 30, 1926.)

**1. Boundaries ⬳26—Equity has jurisdiction of suit involving disputed boundaries between city lots, and may grant necessary incidental or supplemental relief (Code 1923, § 6465, subd. 5).**

Equity has jurisdiction of suit involving disputed boundaries between city lots, and may grant necessary incidental or supplemental relief, whether bill contains independent equity or not, in view of Code 1923, § 6465, subd. 5.

**2. Boundaries ⬳26.**

In establishing true boundary line between city lots, court may consider muniments of title, adverse possession, estoppel, or agreement of parties.

**3. Trespass ⬳10—Lot owner cannot build wall on boundary line claimed till adjoining owner's right to possession is adjudicated.**

Lot owner cannot go onto land claimed and in possession of adjoining owner against latter's objection and build wall on boundary line claimed by him and fixed by survey of city engineer till adjoining owner's right to possession is adjudicated.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Bill in equity by J. O. Camp against C. A. Dunnavent. From a decree dissolving preliminary injunction, complainant appeals. Reversed, rendered, and remanded.

Eyster & Eyster, of Albany, for appellant.

The chancery court has jurisdiction to establish and define uncertain or disputed boundary lines, whether the bill contains independent equity or not. Code 1923, §§ 6439, 6465; Guice v. Barr, 130 Ala. 573, 30 So. 563. Parties may fix division line by parol. Harn v. Smith, 79 Tex. 310, 15 S. W. 240, 23 Am. St. Rep. 340; Krider v. Milner, 99 Mo. 145, 12 S. W. 461, 17 Am. St. Rep. 549. The temporary injunction should not have been dissolved. Driver v. New, 175 Ala. 658, 57 So. 437; Graves v. Smith, 87 Ala. 450, 6 So. 308, 5 L. R. A. 298, 13 Am. St. Rep. 60; 20 R. C. L. 1105; O'Rear v. Aaron, 204 Ala. 550, 86 So. 535; Coley v. English, 204 Ala. 691, 87 So. 81; Lauderdale v. McAllister, 193 Ala. 175, 68 So. 984; Calmelet v. Sichl, 48 Neb. 505, 67 N. W. 467, 58 Am. St. Rep. 700; Hoff v. Olson, 101 Wis. 118, 76 N. W. 1121, 70 Am. St. Rep. 903.

Almon & Almon, of Albany, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J.   The bill is to establish and define the disputed boundary line between adjoining city lots.   Incidental to this re-lief, the bill prayed for an injunction restraining respondent from destroying or removing a concrete retaining wall erected on the boundary line as claimed by complainant. The appeal is from a decree dissolving the temporary injunction.   On motion to dissolve, the hearing was upon bill and answer, with supporting affidavits.   The case made by the bill, and supporting affidavit, is briefly this:

Complainant owns a residence lot described by lot number as shown by the plat of an addition to the city of Decatur.   Respondent owns the adjoining lot described by lot number on another plat.   Complainant's lot is in Decatur and respondent's in Albany.   The city of Decatur laid a sidewalk abutting complainant's lot prior to his purchase in 1914.   Complainant paid the assessment; he took possession claiming title to the terminus of the walk, built his residence upon the lot, and has occupied same for more than 10 years prior to bringing suit.   After complainant built, a residence was built on the adjoining lot by its then owner, who recognized the boundary as marked by the terminus of the walk.   Respondent bought the lot in 1919.   Thereafter a concrete wall was erected by complainant and respondent at their joint expense extending from the terminus of the walk back some 40 feet between the adjoining properties as held and occupied by them.   Complainant alleges that the wall was erected upon the line agreed upon as the permanent boundary between the lots; that he filled in his lot to the wall and has maintained it to the wall as part of his lawn and flower garden; that recently respondent has disputed the line so located, claiming the concrete wall encroaches upon his lot; that he and his agents threatened to tear down and remove the concrete wall, had come on the ground for such purpose against complainant's protest; that the removal of the wall would mar the beauty and otherwise injure his premises, etc.   Respondent admits the building of the concrete wall at joint expense, denies there was any agreement as to the boundary line or recognition or acquiescence therein, alleges it was built for convenience of parties, his interest being to prevent the flow of surface waters from complainant's lot upon that of respondent; that, in fact, the wall is located some 2½ feet over on his side of the true boundary.   He denies that he or his agents were threatening to destroy or break down the wall, but says:

"* * * Respondent was going to rebuild and remove said concrete wall and put it on the line surveyed by the city engineer of Albany and Decatur between complainant and respondent, and this was to be done without any expense or damage to the complainant."

He does not deny plaintiff's alleged possession, admits that plaintiff formerly maintained a terrace and the wall was erected

---

next to the terrace. Respondent is corroborated by affidavit of the city engineer as to the true boundary as shown by the plats.

[1] A court of equity has jurisdiction "to establish and define uncertain or disputed boundary lines, whether the bill contains an independent equity or not." Code, § 6465, subd. 5. The existence of uncertainty or dispute between adjoining proprietors touching their boundary line gives equity to the bill. The amended statute was intended to meet the decision in Goodman v. Carroll, 205 Ala. 305, 87 So. 368, holding the bill must show some other equity than mere uncertainty or controversy as to the location of the line. Jenkins v. Raulston, 214 Ala. 443, 108 So. 47.

[2] In establishing the true line the court may consider all questions going to that issue, including muniments of title, adverse possession, estoppel, or agreement of parties. The statute aims to furnish a full remedy in equity as to all matters of disputed or uncertain boundary between adjoining lands, affording such incidental or supplemental relief as to do full equity in the premises.

Dealing with the injunction here, it is not a case where injunctive relief against trespass upon lands is relied upon as the basis of equitable jurisdiction. The case made by both sides shows a disputed boundary, a case in equity, without regard to threatened trespass. Complainant rests his claim to the line set up by him upon two grounds: One is adverse possession under claim of title for more than 10 years; the other by parol agreement followed by possession and outlay in conformity to such agreement.

The principles of law governing adverse possession as related to boundaries have been so often considered that there is no need here to restate them; neither do we think it fitting at this stage to define the cases in which equity recognizes and protects boundaries established by parol agreement or estoppel where possession has not ripened into a legal title of the disputed strip. See Cooper v. Slaughter, 175 Ala. 211, 57 So. 477; Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; 2 Dev. on Deeds. 1036; Harn v. Smith, 79 Tex. 310, 15 S. W. 240, 23 Am. St. Rep. 340; Johnson v. Archibald, 22 Am. St. Rep. 35, note; 9 C. J. 232 et seq.

[3] Respondent's answer shows an admitted purpose to go into complainant's close and erect a new wall at respondent's expense upon the line claimed by him, then remove the old wall. This he is clearly without right to do against complainant's objection until respondent's right of possession is adjudicated. Such trespass would disturb the quiet enjoyment of complainant's home, injure and mar his premises in the event his contention as to the line is finally sustained. The entire controversy should be determined in this suit. To that end matters should remain in statu quo until the line is established. Respondent can suffer no substantial injury by the injunction, but complainant may suffer loss and inconvenience not readily compensable in money by its dissolution.

The decree of the court below is reversed, the injunction here reinstated, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.