139 So. 223

**CLARKE v. EARNEST.**

I Div. 687.

Supreme Court of Alabama.
Jan. 21, 1932.

Wm. V. McDermott, of Mobile, for appellant.

166

a boundary line between lands of appellant and appellee, and also dismissing the bill as to all relief sought.

The appellant and appellee are coterminous landowners, the former owning lot 5 and the latter lot 4, on the south side of, and abutting on, Iberville street, in the city of Mobile. Both lots form a part of what is known as Hamilton's resurvey.

The complainant filed her bill under subdivision 5 of section 6465 of the Code to establish and define by a decree of the court an uncertain or disputed boundary line between her lands and those of the respondent. Complainant's bill alleges that the line dividing her lands from those of the respondent was uncertain or disputed, that it was necessary to have this line established and defined, and she also prayed for injunctive relief against respondent's interfering with "complainant's possession of her said lot 5." The line alleged to be in dispute was the west line of complainant's property where it joined the east line of respondent's lot.

The bill presented a case for equitable relief. Code, § 6465; Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Tabor v. Craft, 217 Ala. 276, 116 So. 132; Smith v. Cook, 220 Ala. 338, 124 So. 898; Camp v. Dunnavent, 215 Ala. 78, 109 So. 362; Treadaway v. Hamilton, 221 Ala. 479, 129 So. 55.

The respondent answered, and denied that there was any uncertainty as to the location of the boundary line as claimed by complainant, setting up that the line was well marked and defined. In his answer, the respondent sets up title by adverse possession to any, or such, part of lot 5 owned by complainant that a survey might show him to be in possession of.

The testimony introduced in the cause was all taken by deposition, and covers a hundred pages of transcript. To state any part of it in detail would unduly extend this opinion, and would serve no useful purpose. It has all been carefully read and considered. There is a sharp conflict in the evidence as to the true western boundary of complainant's lot, which is the east boundary of respondent's property. To our mind, after due consideration of all the evidence, the conclusion is inescapable that there is manifest uncertainty as to the true boundary line between the lands of these two coterminous landowners, and subdivision 5 of section 6465 of the Code was enacted to meet just such a case as is presented by this record. The testimony of the complainant and of the two surveyors, examined as witnesses by her, tends to show that the true line is in one place, while the respondent's testimony and that of the surveyors examined by him tends to show a different location of the true line.

R. P. Roach, of Mobile, for appellee.

KNIGHT, J.

This is an appeal prosecuted by complainant in the court below, appellant here, from a final decree of the circuit court of Mobile county, in equity, declining to establish and define, as uncertain and disputed,

By dismissing complainant's bill, the court neither adopted the complainant's contention nor the contention of the respondent, and left the boundary line wholly undetermined. Under the allegations of the bill and the evidence, the boundary line should have been reduced to certainty, and fixed by a decree of the court. Such was the purpose of the statute, and such were the necessities of the case under the evidence.

Confessedly, on the testimony of the respondent, he is in possession of a strip of complainant's land on the west side, about five feet in width, at the north end of her lot, the exact amount is undetermined, and he may be also in possession of a strip of lot 5, four, five, or six inches in width, on the same west side at the south end. This status of the evidence presents a proper case for the exercise of chancery jurisdiction "to establish and define an uncertain or disputed boundary line," whether the bill contains an independent equity or not. Yauger v. Taylor, supra; Smith v. Cook, supra; Code, § 6465, subd. 5.

We do not think that the complainant has lost title to any part of her lot by any adverse holding by the respondent. The rules of law on the subject of adverse possession between coterminous landowners have often been stated by this court. In the case of Smith v. Cook, 220 Ala. 338, 124 So. 898, Mr. Justice Foster, in delivering the opinion of the court, states these principles as follows: "If two coterminous proprietors agree on a boundary line, and each occupies to its location, the possession is presumed adverse, and after ten years has the effect of fixing such line as the true one. Turner v. De Priest, 205 Ala. 313, 87 So. 370; Copeland v. Warren, 214 Ala. 150, 107 So. 94; Gunn v. Parsons, 213 Ala. 217, 104 So. 390; Mink v. Whitfield, 218 Ala. 334, 118 So. 559; Smith v. Harbaugh, 216 Ala. 202, 112 So. 914. If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake, and it is immaterial what he might or might not have claimed had he known he was mistaken. Smith v. Bachus, 201 Ala. 534, 78 So. 888; Hoffman v. White, 90 Ala. 354, 7 So. 816; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Shepherd v. Scott's Chapel, 216 Ala. 193, 112 So. 905."

Speaking in the same case, the learned justice further states the law to be: "There is, however, a limitation or an additional principle that, if the occupancy to a line is with no intention to claim to it if it should be beyond the true location of the boundary, such possession is not adverse. Hess v. Rudder, 117 Ala. 525, 23 So. 136, 67 Am. St. Rep. 182; Smith v. Bachus, 195 Ala. 8, 70 So. 261; Hodges v. Sanderson, 213 Ala. 563, 105 So. 652."

Under these rules of law, we are at the conclusion above stated, that the respondent's ownership and title extend no farther than the boundaries disclosed in his deed of conveyance.

Both lots 4 and 5, as well as Lee street, are parts of the Hamilton resurvey. The map or plat of this survey was duly recorded. In order to get at the proper boundaries of this property, reference must be had to that map and all accompanying and pertinent facts shown thereon. If the boundaries of these two lots are to be ascertained with reference to Lee street as a fixed starting point, then Lee street, as originally laid off, must be ascertained, its exact width and location. We apprehend that a competent and accurate surveyor, selected by the court, should experience but little difficulty in locating the west line of Lee street where it intersects Iberville street. This, in our judgment, should be the point from which to measure in order to ascertain the southwest corner of complainant's lot and the southeast corner of respondent's lot. Of course, we refer to the true west line of Lee street, as it existed at the time it was first laid off and dedicated as a street. With this street accurately ascertained, the true boundary line between the properties of these two litigants, as defined by this Court, may be easily marked.

Our conclusion is, the court below should have ascertained and defined the true boundary line between the lands of complainant and respondent. For this error, the decree appealed from will be reversed, and a decree here rendered ascertaining and defining the said boundary line to be a straight line drawn commencing at a point on the south margin of Iberville street one hundred feet west of the true west margin of Lee street, thence running southwardly, and parallel with said Lee street one hundred and twelve and one-half feet. And the cause is reversed, with directions to the chancellor to proceed, in conformity with this opinion, to have said line located, and, when located, to have same marked by suitable permanent markers.

Reversed, rendered in part, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.