143 So. 558

## BALDWIN v. HARRELSON et al.

### 4 Div. 585.

Supreme Court of Alabama.

Oct. 6, 1932.

Simmons & Simmons, of Opp, for appellant.

E. O. Baldwin, of Andalusia, for appellees.

FOSTER, J.

The bill in this case, to settle and determine a disputed boundary line, does not contain more than the statutory requirements. Section 6439 et seq., and § 6465, subd. 5, Code. It does not go so far as to describe the true line, nor allege that it is unknown to complainant. Ordinarily this should be done. Smith v. Bachus, 195 Ala.

8, 70 So. 261. But its absence does not deprive the court of jurisdiction, and is not fatal to relief when there is no demurrer on that ground. Smith v. Cook, 220 Ala. 338, 124 So. 898.

When such a bill seeks only the statutory relief, the complainant, upon proving the statutory allegations, is entitled to have the line described and located with reasonable certainty by the decree of the court (Clarke v. Earnest, 224 Ala. 165, 139 So. 223), which shall, within itself or by reference to the pleading or other records in the cause, completely and accurately describe the true line. Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Alverson v. Floyd, 219 Ala. 68, 121 So. 55; Jenkins v. Raulston, 214 Ala. 443, 108 So. 47; Smith v. Cook, supra.

It is also now the established rule in such cases that, because the dispute is affected or controlled by adverse possession and in fact involves the title to a strip of land in dispute between their undisputed holdings, it is none the less a boundary controversy and within the statutory powers of the chancery court. Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Treadaway v. Hamilton, 221 Ala. 479, 129 So. 55; Smith v. Cook, supra.

In the Smith v. Cook Case, supra, we sustained a decree dismissing the bill, but pointed out that complainant sought by the prayer to establish by adverse possession his right to a certain defined wire fence, and have it fixed as the boundary line, and did not insist that the court otherwise determine the true line. The issue made in the pleading was whether the wire fence was the true line, fixed by survey, agreement, or adverse possession. But in this case the only relief sought is that the true line be located and defined. Although the court may find, and may be correct in so doing, that the wire fence as now located is the true dividing line, a dismissal of the suit does not respond to the issue. The proof sufficiently shows that the line is so disputed and uncertain as to require the court to fix, determine, and describe it. Clarke v. Earnest, 224 Ala. 165, 139 So. 223.

We do not know whether the court dismissed the bill because of a misconception of its power in such a case when the issues involve title by adverse possession, or whether it found that the wire fence was the line, either because it was the correct land line or because of an agreement or by adverse possession. In either event, the cause should not be dismissed. If we should undertake to decide those questions, we would not be able to render a decree, because the record does not furnish sufficient data for us to describe the true line with that certainty required by our cases heretofore cited.

It is therefore necessary to reverse and remand the cause to the circuit court in equity. In doing so, we need not express an opinion on the disputed questions in the case.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.