153 So. 403

### TAYLOR v. COWART et al.
### 8 Div. 525.

Supreme Court of Alabama.

March 1, 1934.

Rehearing Denied March 22, 1934.

Travis Williams, of Russellville, for appellant.

Key & Key, of Russellville, for appellees.

KNIGHT, Justice.

The appellant and appellee Lula Cowart were coterminous landowners; the former owning the north half of southeast quarter of section 15, township 8, range 11, in Franklin county, Ala., while the latter owned the south half of said quarter section.

A dispute having arisen between the parties over the boundary line between the lands of appellant and appellee Lula Cowart, the present bill was filed to establish the true and correct line between the lands of the two owners.

In his bill, the complainant appellant set forth his contention as to the location of the line, and it shows that in places, at least, the line falls below the true line dividing the two 80's, if the same should be run according to government numbers. However, the complainant's contention is that, if this line does encroach upon the lands of Lula Cowart, he, and those to whose title he succeeded, have acquired title up to the line claimed by him, by adverse possession.

It appears from the evidence that along or near to the south line of appellant's land a private road had been constructed by appellant's predecessors in title, which led from a public highway, locally known as the Phil Campbell and Trapptown road, to the residence on the lands of appellant. While this private roadway did not altogether follow a straight line, the evidence leaves no room to doubt that it was supposed to run along the line between the north half of the southeast quarter of said section 15 and the south half of said quarter section. A survey made by the county surveyor of Franklin county disclosed that the road was not in fact on the dividing line; that it encroached upon lands of appellee Lula Cowart. The appellant's contention was that he had acquired the title to whatever of appellee's land that was taken

up by the road, or that may have extended north of the road, by adverse possession.

It appears from the evidence that in 1931 arbitrators were agreed upon by the disputing parties to run and establish the line between their lands; and this was done. However, on the trial or hearing, the appellant testified that it was the intention that the line should only be established by the arbitrators for that year and until the crops were gathered, and that then they could get together and have the lines run.

After the arbitrators established the line between the two parties, Mr. Jackson, county surveyor of Franklin county, employed by the appellee Lula Cowart, made a survey of the land, and established a line between the lands of appellant and appellee.

The court below found that the line established by Mr. Jackson was the true and correct line between the lands of appellant and appellee, and so decreed. The court found against the appellant as to his contention that he had acquired a part of the appellee's land by adverse possession.

By its decree the court adjudged that the appellant owned the north half of southeast quarter of section 15, township 8, range 11, in Franklin county, and that the appellee Lula Cowart owned the south half of said quarter section, and that the true boundary line between the two tracts of land was "the line separating the tracts, according to the government survey," and by its decree adopted the line surveyed by Mr. Jackson between the two tracts.

Under the rule declared in Smith v. Cook, 220 Ala. 338, 124 So. 898, and Clarke v. Earnest, 224 Ala. 165, 139 So. 223, we are at the conclusion that appellant has not made it appear from the testimony in the record, to any degree of satisfaction, that the trial court was in error in his findings of fact in the case. We have reviewed the evidence here without indulging any presumption in favor of the findings of the trial court, as it does not appear that the evidence was given orally before the court.

We are fully persuaded that the evidence does not warrant a finding that the appellant acquired any portion of the appellee's land by adverse possession, and that his title did not extend to any land south of the true line dividing or separating the north half of southeast quarter from the south half of southeast quarter of said section 15.

It results, therefore, that the decree of the court below is due to be and is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.