199 So. 811

### EDWARDS v. SMITH.

### 7 Div. 643.

Supreme Court of Alabama.

Jan. 16, 1941.

Ross Blackmon, of Anniston, for appellant.

C. H. Young, of Anniston, for appellee.

BOULDIN, Justice.

Bill in equity to establish and define a disputed boundary line between adjoining lands. Code, § 6465, § 6440.

The appeal is from a final decree dismissing the bill.

The bill was filed by appellant, A. D. Edwards, individually, alleging he was the owner and in possession of a quarter section of lands south of and adjoining the lands of respondent, Hassie Smith. The boundary line in dispute is the east and west line between quarter sections.

During the trial complainant filed an amendment to the bill, designating, as parties complainant: "Dean Edwards and A. D. Edwards, suing as Executors of the Last Will and Testament of Walter Dean, Deceased."

Respondent filed a motion to strike this amendment on the ground that it worked an entire change of parties complainant, and makes a new cause of action. The court granted this motion, saying in his decree that the court was of opinion the amendment worked an entire change of parties.

Under our liberal system of amendments, it must now be treated as settled that a plaintiff or complainant, suing as an individual in his own right, may amend so that the suit proceed in his representative capacity. This rule has been applied in suits touching lands. Randolph v. Hubbert, 190 Ala. 610, 67 So. 416; Lucas v. Pittman, 94 Ala. 616, 10 So. 603; Ferrell v. Ross, 200 Ala. 90, 75 So. 466; Benson v. Robinson, 223 Ala. 85, 134 So. 799; Longmire v. Pilkington, 37 Ala. 296.

The state of facts upon which an executor may maintain a bill to settle a disputed boundary line, in the execution of his trust under the will, or under the general powers of a personal representative with respect to real estate, presents a different question. The motion and ruling thereon involved only the question whether the amendment worked a complete change of parties, or introduced a new cause of action. We observe this bill, as amended, alleged that these executors and those under whom they hold are the owners and have for twenty-five years been in possession of the tract of land whose boundary is now in dispute.

The pleadings present a case of disputed boundary line, wherein complainant claims to alleged division line fixed by adverse possession; and respondent claims, and is extending her possession over a strip of land 15 feet wide at one end and 8 feet wide at the other, to a line south of that asserted by complainant, and asserted by respondent to be the true line between the government subdivisions.

After the ruling on the motion above treated, the cause was submitted on pleadings and proof already taken.

The evidence consisted of testimony of complainant, Edwards, taken orally before the court. It disclosed a dispute as to the boundary line between the lands of adjoining owners.

This fact constituted the equity of the bill, and entitled complainant to have the boundary line located, defined and marked on the ground, followed by decree establishing if need be, same as the adjudicated boundary line.

The theory of complainant is that the line claimed by him is the true boundary under the law of adverse possession applicable to boundary line disputes,

whether it be the line between these subdivisions as per government survey or not. These interior subdivision lines, not surveyed or marked in the government survey, are none the less certain in legal contemplation. They are fixed and determinable by a subdivision of the section, using the four corners of the section shown on the official field notes. But as the processes of time have, in many cases, obliterated the evidences mentioned in the field notes, and other evidences must be resorted to, ancient surveys, indicated by surveyor's monuments and line markings, may be looked to in connection with all the evidence of possession in recognition of such surveys, as aids in finding the true subdivision line.

Now, we are by no means imputing error to the trial court, in holding the evidence before him failed to prove the line claimed by complainant to be the true line, either according to government survey, or under the doctrine of adverse possession as applied to boundary lines. As the cause is to be remanded, we express no opinion on this matter.

The case should not, however, have been dismissed out of court.

As stated, the equity of the bill was sustained, and decretal orders should have been made to locate and establish the line, whether it conformed to the contentions of either party touching its location. Baldwin v. Harrelson et al., 225 Ala. 386, 143 So. 558; Id., 229 Ala. 469, 158 So. 416; Smith et al. v. Cook, 220 Ala. 338, 124 So. 898; Clarke v. Earnest, 224 Ala. 165, 139 So. 223; Jenkins et al. v. Raulston, 214 Ala. 443, 108 So. 47.

While the bill quite properly identifies the line claimed by the complainant to be the true boundary line, and the evidence was directed to that point, the prayer of the bill is that the court proceed to establish and define the true boundary line through a commission, etc.

It is unlike the case of Smith v. Cook, supra, wherein we sustained the decree dismissing the bill because the sole objective was to have a particular wire fence decreed to be the true line.

Reversed and remanded.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.