34 So.2d 687

### DREWRY v. COWART.

6 Div. 671.

Supreme Court of Alabama.

April 8, 1948.

Curtis, Maddox & Johnson, of Jasper, for appellant.

J. A. Posey, of Haleyville, for appellee.

LIVINGSTON, Justice.

The appellant filed his bill of complaint in the Circuit Court, in Equity, of Winston County, Alabama, to establish and define an uncertain or disputed boundary line between alleged coterminous lands of appellant and appellee. Sections 2, 3 and 4, Title 47, Code; section 129, subdivision 5, Title 13, Code. Complainant alleged that a designated quarter section line divided the lands of the parties: that appellant's lands were bounded on the west by said quarter

[1] Ante, p. 256.

·section line, and that appellee's lands were bounded on the east by said quarter section line.

Appellee answered, and in effect claimed by adverse possession lands up to the right of way of a public road lying some seventy-five feet east of said quarter section line.

Upon submission of the cause on testimony heard ore tenus, that court entered a ·decree dismissing appellant's bill without stating any determining facts or assigning any reasons therefor.

The purpose of sections 2, 3 and 4, Title 47, and section 129, subdivision 5, of Title 13, Code, is to establish uncertain or disputed boundaries. Complainant, therefore, ordinarily is entitled to a decree if the court 'finds a disputed boundary, rather than to deny all relief as was done here. Jenkins v. Raulston, 214 Ala. 443, 108 So. 47; Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558; Copeland v. Warren, 214 Ala. 150, 153, 107 So. 94; Camp v. Dunnavent, 215 Ala. 78, 109 So. 362; Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Smith v. Cook, 220 Ala. 338, 124 So. 898; Clarke v. Earnest, 224 Ala. 165, 139 So. 223.

This record presents a different situation from that presented in Smith v. Cook, supra, and Ford v. Beam, 241 Ala. 340, 2 So.2d 411.

Whatever may have been the trial court's ·thought as to the true boundary line between the parties, he should have entered a decree establishing it. For a failure to do so, the cause must be reversed.

Reversed and remanded.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.