143 So.2d 452

**Tony RYAN and Emma Ryan**

**v.**

**James Adrian FULFORD et al.**

**T. H. PICKRON**

**v.**

**James Adrian FULFORD et al.**

1 Div. 15, 16.

Supreme Court of Alabama.

July 12, 1962.

Telfair J. Mashburn, Bay Minette, for appellants.

Wilters & Brantley, Bay Minette, for appellees.

SIMPSON, Justice.

These two cases were consolidated for trial and on appeal, since they involve the same issues of fact and law. Separate but identical decrees were rendered in favor of appellees (respondents). From these decrees complainants have appealed.

Complainants (appellants) filed separate bills of complaint to establish a boundary line between the lands of the appellants and the lands of the appellees. Appellants alleged that the boundary line between their land and the land of the appellees was the middle or division line of the LaCoste Grant, Section 6, Township 9 South, Range 3 East of St. Stephens Meridian, which is a line running north and south near the center of Section 6, from Bay John, also known as Oyster Bay, on the north to Little Lagoon on the south, parallel to and distant 2,475 feet westwardly from the east boundary line of Section 6. Complainants prayed a decree fixing the line. Respondents filed answer denying all material allegations of the bill and alleged that the west boundary line of their lands was 2,575 feet west of the east boundary line of Section 6, and that the east line of appellant's land was 2,777.94 feet east of the west boundary line of Section 6.

After hearing the evidence, all of which was heard ore tenus, the court made and entered a decree in which it found that the appellants hold title by conveyance from the heirs of John Childress; that John Childress at no time held any right, title or interest in and to any lands east of the center line of the Augustine LaCoste Grant, Section 6, Township 9 South, Range 3 East, and that therefore, the appellants had no title to any land east of the center line of the LaCoste Grant; the decree further ordered that the east line of appellants' land was a line "commencing on the North bank of Little Lagoon at the one-half section of the Augustine LaCoste Grant, Section 6, Township 9 South, Range 3 East, and running North to Bay John". The court ordered the sheriff of Baldwin County to employ a competent surveyor "to find, determine and establish the dividing line as set out herein, and to define and identify the same by proper concrete monuments and markers and blazes".

In accordance with these provisions of the decree, the sheriff reported on October 16, 1959, that he had employed Mr. L. E.

Fagerstrom, a Registered Land Surveyor, to establish said line and filed with the court a map showing the line so established. The court then entered its final decree fixing the dividing line between the property of appellants and the appellees in accordance with such map. We see no need of encumbering the opinion with a description of the line.

The costs were taxed one-half against complainants and one-half against respondents.

Appellants assign as error the entering of the final decree and the taxing of the costs one-half to complainants and one-half to respondents.

■ It was the duty of the trial court to locate the boundary line between the parties by finding the true line. The record in this case consists of 400 pages. There are numerous exhibits, deeds and surveys. Five living surveyors have tried to determine this line and several others, now deceased. Their surveys yield conflicting results. It was the province of the court to decide the matter by finding the true line. Here the controversy concerned the proper location of the middle section line. It is well settled that the government survey of lands into sections does not establish the ground location of the interior subdivision lines, such as we have here, but provides a basis for locating such lines. Nolin v. Parmer, 21 Ala. 66; Edwards v. Smith, 240 Ala. 397, 199 So. 811; Sims v. Sims, Ala., 134 So.2d 757.[1] The only question in this kind of proceeding is whether the trial court is reasonably satisfied from legal evidence as to the correctness of the line as found and fixed in the decree. Stansell v. Tharp, et al., 245 Ala. 270, 16 So.2d 857. It should find the true line, whether or not it is the one contended for by either party. Ford v. Beam, 241 Ala. 340, 2 So.2d 411; Edwards v. Smith, 240 Ala. 397, 199 So. 811.

■ We find no error in the court's appointing a competent surveyor to locate the line. This is the approved procedure. Code 1940, Title 47, § 5; Guice v. Barr, 130 Ala. 570, 30 So. 563; Ashurst v. McKenzie, 92 Ala. 484, 9 So. 262.

■ The trial court, as arbiter of the dispute, has resolved it. His finding should not be disturbed unless against the great weight of the evidence. When so tested, we must affirm it. O'Rear v. Conway, 263 Ala. 466, 83 So.2d 65. We can see no reason for setting out additional facts. We have carefully studied the record and are compelled to agree with the court's finding.

■ The only remaining assignment concerns the fixing of the costs—one-half to appellants and one-half to appellees. There is no error to reverse here. Taxation of cost in equity cases is governed by Equity Rule 112 (Title 7, Code 1940), which in part provides that the court may impose costs as, in his discretion, seems proper. The result reached on this matter seems to be an equitable one.

We hold the assignments of error to be untenable.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.