236 So.2d 321

Marvin E. DAFFRON

v.

Bobby HICKS et al.

7 Div. 881.

Supreme Court of Alabama.

May 28, 1970.

Embry & Robinson, Pell City, Fred Blanton, Birmingham, for appellees.

MERRILL, Justice.

Appeal from a decree designating a boundary line between the parties as the line designated by a court-appointed surveyor.

Dortch, Wright & Cobb, Gadsden, for appellant.

Appellant owned the S ½ of SW ¼ of Section 24, Township 15, Range 4 East. Appellees owned the north part of the N ½ of NW ¼ of Section 25, Township 15, Range 4 East. The disputed line was the south line of appellant's property and the north line of appellees' property. Appellee Hicks' property was in the NE ¼ of NW ¼ of Section 25, and appellee Moore's property was in the NW ¼ of NW ¼ of Section 25.

Appellees filed a sworn bill of complaint averring a dispute as to their common boundary line, further alleged trespasses by appellant, and prayed for an adjudication of the true boundary line, injunctive relief and a general prayer for relief. The trial court issued an ex parte temporary restraining order upon appellees posting a bond in the amount of $500.00. Appellant's answer denied the material averments of the bill, and further claimed the disputed strip of land by adverse possession.

At a hearing, the trial court appointed a surveyor, Earl Jones, from Talladega County, to make a survey. We know that the survey was made and that Jones made a map, because he testified from it, but the map, while before the trial court, is not a part of the record on appeal.

Later, a hearing was held and after the taking of testimony, the trial court decreed that the true boundary line was that determined by the court-appointed surveyor, dissolved the injunction and apportioned the costs equally between appellant and appellees. A motion for rehearing was overruled and appellant appealed.

Assignments of error 1 and 5 charge that the court erred in adopting the survey of the court-appointed surveyor Jones. Assignments of error 2 and 3 charge that the decree was contrary to the evidence (3), and contrary to the preponderance of the evidence (2).

Appellant testified that he did not claim or assess any property in Section 25, but

he claimed that a former survey by Surveyor Lee, not employed by him, was closer to the correct line than the one by Surveyor Jones. Jones started at a corner which was an agreed corner and was pointed out to him by appellant and appellee Hicks.

We think our recent case of Deese v. Odom, 283 Ala. 420, 218 So.2d 134, is dispositive of this case. There, as here, it was argued that the evidence was insufficient to support the decree because the survey was not in "exact" accordance with the original Government Field Survey notes. We quote two excerpts from that opinion:

" * * * The trial court chose to accept the McVay survey as sufficiently adequate to establish the true boundary line, it having been shown that McVay, a licensed surveyor, used accepted practices and followed accepted procedure for locating the true line between the aforementioned coterminous properties.

\* \* \* \* \* \*

"We think from the above excerpt, the court in the instant case was correct in accepting the McVay survey as an accurate and reliable means of determining the true boundary line between the properties herein involved. Other cases setting out essentially the same criteria as the above-quoted case include Ryan v. Fulford, 273 Ala. 600, 143 So.2d 452; Edwards v. Smith, 240 Ala. 397, 199 So. 811."

In Deese v. Odom, supra, it was also argued, as here, that there had been previous surveys, but the court still accepted the survey of the court-appointed surveyor. The disputed line was the line between the SE ¼ and the SW ¼ of a section. Here, the court-appointed surveyor Jones testified that after starting his survey at the agreed marker, he missed an existing quarter mile marker by about a foot and "an existing corner" at the half mile point by about eighteen inches. We quote again from Deese:

"The trial court, as arbitrator of the boundary line dispute between these parties, resolved it in favor of the boundary line as found by the court-appointed surveyor, Mr. McVay. All the evidence was heard ore tenus before the trial judge, and his decision will not be disturbed unless it is palpably wrong and contrary to the great weight of the evidence. We are unwilling to disturb the findings and decree of the lower court."

Based upon the authority of Deese v. Odom, 283 Ala. 420, 218 So.2d 134, we affirm the decree of the trial court.

Affirmed.

LIVINGSTON, C. J., and LAWSON, HARWOOD, and MADDOX, JJ., concur.