Appellants, Howard and Hazel Ratliff, filed this action asking the court to declare that the southern boundary line of their property as described in the complaint is the true boundary line separating their property from that of the appellees, Charles and Mary Ann Giorlando. The plaintiffs claimed that they had acquired, through adverse possession, a portion of the adjacent property of which the Giorlandos hold paper title, amounting to nearly ten acres. The plaintiffs also sought $7,500 in damages as the result of the removal of fencing, destruction of timber, and other encroachments by the Giorlandos on that portion of property which the Ratliffs claim by adverse possession. After hearing evidence from both sides and viewing the property, the trial court entered its judgment denying the relief requested. The judgment, in part, provides:
 "That upon a view of the property, this Court was not able to ascertain any evidence of an established line or possession line described as the south property line as set out in said complaint.
 "The property set out in said complaint are wild lands and this Court does not find that there was clear and convincing testimony establishing title to said lands in the plaintiffs by adverse possession.
". . .
 ". . . It is therefore further ORDERED, ADJUDGED and DECREED that the relief prayed for in said complaint be and same is hereby denied."
The Ratliffs appealed contending that the evidence clearly established that they complied with the requirements for adverse possession and, in so doing, were entitled to a judgment recognizing their title to the controverted parcel. The Ratliffs also contend that the trial court erred by failing to establish a boundary line in its judgment.
We must first decide whether the trial court erred in concluding that the Ratliffs failed to establish by the evidence that they had acquired title to the disputed property by adverse possession. The burden is on the party claiming title by adverse possession to establish, by the evidence, title acquired against the record titleholder. McCulloch v.Roberts, 290 Ala. 303, 276 So.2d 425 (1973); M.C. Dixon LumberCo. v. Mathison, 289 Ala. 229, 266 So.2d 841 (1972); James v.Mizell, 289 Ala. 84, 265 So.2d 866 (1972). Thus, the Ratliffs had the burden of proving that they had maintained actual possession of the disputed strip under a claim or right openly and exclusively for a continuous period of ten years. Casey v.Keeney, 290 Ala. 94, 274 So.2d 68 (1973); Barnett v. Millis,286 Ala. 681, 684, 246 So.2d 78 (1971).[1] To constitute actual possession, this court has held that ". . . `. . . it is only necessary to put it to such use or exercise such dominion over it *Page 508 
as in its present state it is reasonably adapted to.' . . ."Moore v. Malone, 248 Ala. 76, 78, 26 So.2d 558 (1946), quoting from Alabama State Land Co. v. Matthews, 168 Ala. 200,53 So. 174, 175 (1910). Moreover, questions of adverse possession are questions of fact to be determined by the trial court. Barnettv. Millis, supra. And, of course, where the evidence is taken orally, as here, the trial court's determination of this question of fact is presumed to be correct and cannot be disturbed on appeal unless plainly erroneous or manifestly unjust. Barnett v. Millis, supra; Butts v. Lancaster, 279 Ala. 589, 188 So.2d 548 (1966).
The evidence in this case was in sharp conflict. Mr. Ratliff testified that he had claimed this land up to a hedgerow since 1958. Others testified to the contrary. The defendants specifically denied the plaintiff's testimony and denied that a hedgerow existed.
After hearing all of the evidence, the trial court made an actual view of the property in controversy. In its judgment the court stated that, based upon its view of the property, it was ". . . not able to ascertain any evidence of an established line or possession line . . ." as described in the complaint. The court concluded that the Ratliffs failed to establish, by adverse possession, title to the disputed tract and denied the relief prayed for.
Even if we disagreed with the trial judge on his finding of fact, we would not substitute our judgment for his. But, having reviewed the evidence, we are in agreement that the plaintiffs fell short of establishing title to the property involved by adverse possession.
The only other issue raised on appeal is whether the trial court erred in not establishing a boundary line between the property of the defendants and plaintiffs. The Ratliffs argue that the trial court is required, in a boundary line dispute, to render a judgment establishing a boundary.
Title 13, § 129, Code of Alabama, empowers the circuit court to ". . . establish and define uncertain or disputed boundary lines . . ." This court has held that, in cases between coterminous landowners involving a disputed boundary, it is the duty of the trial court to render a judgment establishing the true boundary. Ryan v. Fulford, 273 Ala. 600, 143 So.2d 452
(1962); Drewry v. Cowart, 250 Ala. 406, 34 So.2d 687 (1948);Edwards v. Smith, 240 Ala. 397, 199 So. 811 (1941). However, this rule, requiring affirmative action by the trial court, presupposes that the evidence establishes the existence of a genuine dispute as to the true boundary between coterminous owners. In the absence of such evidence, the trial court is correct in merely denying relief. See Drewry v. Cowart, supra.
In the case before us, the alleged boundary dispute was created by the Ratliffs' claim that they had some ten acres of the Giorlando property by adverse possession. The trial court found that they did not; and, by denying relief, established as the true line the line shown by the record title. The parties are not left, as the plaintiffs assert, without a ruling as to the true boundary.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER and BEATTY, JJ., concur.
[1] For a general discussion of the particular problems involving adverse possession by coterminous landowners, see Comment,Adverse Possession in Alabama, 28 Ala.L.Rev. 447, 471-75 (1977).