STEAGALL, Justice.
James C. Johnson brought suit in the Circuit Court of Montgomery County, pursuant to Code 1975, §§ 35-3-1 through -3, seeking a determination of the location of the boundary line between his property and an adjoining parcel belonging to Marie Turner Dickerson. The court, after hearing ore tenus testimony, entered a judgment in favor of Dickerson, from which Johnson appeals. We affirm.
The trial court rendered the following judgment on June 17, 1985:
“ORDER
“This cause came on for trial on the Merits on May 7, 1985, with the Court sitting as trier of fact. Both sides were represented by counsel. After taking testimony presented by the parties, and hearing argument of counsel, the Court *1390 continued the case pending the completion of a surveyor’s report.
“The Court resumed trial on June 14, 1985. The surveyor's report, prepared by W.C. Sheffield, was submitted to the Court....
“It is hereby ORDERED, ADJUDGED and DECREED that judgment be entered in favor of the defendant and against the plaintiff.”
Johnson asserts that the trial court erred by failing to fix a boundary line as required by Code 1975, § 35-3-3, which provides in part that “[t]he judgment shall locate and define the boundary lines involved by reference to well-known permanent landmarks.” Johnson cites a number of Alabama cases for the proposition that, in a statutory boundary line action, the trial court is under a duty to enter a decree describing and locating the boundary line with reasonable certainty. Ryan v. Fulford, 273 Ala. 600, 143 So.2d 452 (1962); Edwards v. Smith, 240 Ala. 397, 199 So. 811 (1941); Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558 (1932).
The circuit court is authorized by Code 1975, § 12-11-31, to establish and define uncertain or disputed boundary lines. The purpose of this section and of §§ 35-3-1 through -3, Code 1975, “is to establish uncertain or disputed boundaries.” Drewry v. Cowart, 250 Ala. 406, 407, 34 So.2d 687, 688 (1948). A complainant “ordinarily is entitled to a decree if the court finds a disputed boundary, rather than to have the court deny all relief.” Id.
In the instant case, the trial court ruled in favor of Dickerson and against Johnson, thereby denying all relief which Johnson sought. We must determine whether this denial of relief by the trial court is appropriate under the facts of this case.
In Ratliff v. Giorlando, 343 So.2d 506 (Ala.1977), an issue raised on appeal was whether the trial court erred in not establishing a boundary line between the property of the defendants and that of the plaintiffs. The Ratliff Court said:
“This court has held that, in cases between coterminous landowners involving a disputed boundary, it is the duty of the trial court to render a judgment establishing the true boundary. Ryan v. Fulford, 273 Ala. 600, 143 So.2d 452 (1962); Drewry v. Cowart, 250 Ala. 406, 34 So.2d 687 (1948); Edwards v. Smith, 240 Ala. 397 199 So. 811 (1941). However, this rule, requiring affirmative action by the trial court, presupposes that the evidence establishes the existence of a genuine dispute as to the true boundary between coterminous owners. In the absence of such evidence, the trial court is correct in merely denying relief. See Drewry v. Cowart, supra.”
343 So.2d at 508. In Ratliff, the Court held that the parties were not left without a ruling as to the true boundary line because the trial court, by denying the plaintiffs’ adverse possession claim, established as the true line the line shown by the record title.
Regarding the establishment of a boundary line in actions involving boundary disputes between owners of coterminous lands, the Court in Ray v. Robinson, 388 So.2d 957, 963 (Ala.1980), said: “If, on the basis of the pleadings and evidence presented at trial, a trial court is convinced that a controversy exists concerning the location of a boundary line, it is empowered to evaluate the evidence and reach a conclusive determination on the true location of the line.” Thus, if the pleadings and evidence before the trial court did not establish the existence of a dispute over the location of the boundary line between the Johnson and Dickerson lots, then the court was correct in denying relief. Ratliff v. Giorlando, supra; Ray v. Robinson, supra.
We have carefully reviewed the pleadings and evidence in this case. In his complaint, Johnson alleges that a dispute exists between him and Dickerson over the location of their common property line. He further alleges that the location of this line “has been in dispute intermittently for a period of years.” The evidence before the trial court, however, does not support Johnson’s allegations of a dispute.
*1391 Dickerson testified that she had owned her property since 1943, and that, according to her deed, her lot was located 192 feet from the comer of Hill and Chappell Streets. She further testified that as far as she knew there had never been any dispute that her lot started 192 feet from Chappell Street. Johnson testified that his lot begins 142 feet from the corner of Chappell and Hill Streets.
In addition to the testimony of the parties, the trial court also had before it the report of an independent surveyor, who was appointed by the court, on Johnson’s motion, to survey the property. This report indicated that Johnson’s lot fronts 50 feet along Hill Street.
It is evident from the record that the trial court was convinced that there was no real dispute over the boundary line. The court stated that it had heard all of the testimony in the case and was waiting for the results of the court-appointed survey before deciding the case. After noting that the property had been previously surveyed, the court stated: “Now you hired a survey- or, Mr. Johnson, in the past, and all of the surveyors come [sic] out the same thing. ... But I am telling you this thing is coming out just like it always has come out.” The court further admonished that “you have to believe that after three or four surveys and they are all coming out basically the same, within inches or feet of each other, there’s somewhere along the line they’re right.”
We cannot say that the evidence establishes the existence of a genuine dispute as to the true boundary between coterminous landowners Johnson and Dickerson. “In the absence of such evidence, the trial court is correct in merely denying relief.” Ratliff v. Giorlando, 343 So.2d at 508. We hold that the trial court’s resolution of this case, denying relief to Johnson, is correct. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.