(85 South. 546)

HARLEY v. CHANDLER. (4 Div. 834.)

(Supreme Court of Alabama. April 22, 1920.)

1. Boundaries ⬚43—Fixing line between sections beyond the boundary in litigation held not error.

In suit to establish a disputed boundary line between two sections, under Code 1907, § 3052, subsec. 5, error could not be predicated on the report of the commissioner and the decree of the court, in so far as they defined the line between the two sections beyond the boundary line in litigation; the line projected beyond plaintiff's and defendant's land being surplusage.

2. Boundaries ⬚52(1) — Objection to commissioner's authority must be made before report.

In suit to establish disputed boundary line under Code 1907, § 3052, subsec. 5, objection to authority of the register to act as commissioner cannot be made the first time after his report has been filed.

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Bill by W. G. Chandler against W. B. Harley to establish a disputed boundary line between certain sections of land belonging respectively to complainant and respondent. From a decree establishing the line, the respondent appeals. Affirmed.

Evidence was introduced as to the disputed line by both parties and as to their possession of the adjoining lands, and plats and maps and surveyors were examined, and the equity of the bill established by the trial court, and a commission appointed to hear testimony, reduce it to writing, and report the testimony so taken, with the findings. The register, who was the commissioner, employed surveyors, took testimony, and reported his findings as follows:

I find the true line between the lands to be: Beginning at the northeast corner of section 19, township 6, and range 16, in Covington county, by the field notes, by finding all the pointers at said corner, and being a corner that both parties agree to; thence south 5' 30" east 40.44 chains to a one-half mile stake; thence south 20.22 chains to the three-quarter stob, from which north 74° east 25 links persimmon tree; thence continuing south 20.22 chains to the southeast corner of said section 19, from which north 59.30° east 21 links black jack, south 54.30° west 33 links black jack also, finding the stump hole in original corner.

S. H. Gillis and A. R. Powell, both of Andalusia, for appellant.

Counsel discuss the errors assigned, but without citation of authority.

J. Morgan Prestwood, of Andalusia, for appellee.

Counsel discusses assignments of error, following brief of counsel for appellant, but without citation of authority.

SAYRE, J. Appellee filed the bill in this cause to establish and define a disputed boundary line between the northeast quarter of the northeast quarter of section 19, township 6, range 16, belonging to him, and the northwest quarter of the northwest quarter of section 20, township 6, range 16, belonging to appellant, in Covington county. The evidence proved a proper case for the exercise of the jurisdiction conferred by subsection 5 of section 3052 of the Code of 1907; and the court took steps to establish the line. The final decree, in its description of the line between the parties, followed the report of the register, acting as commissioner, which in turn followed the report of a survey made by Surveyor Pruett, who had been selected by the register in pursuance of the authority of the decree appointing the register to act as commissioner.

[1] Appellant complains that the line shown by the report and established by the decree is far removed from the line in dispute, and therefore that the decree is in error. But we find that the line so established, which, of course, is a part of the line between sections 19 and 20, was run from the northeast corner of section 19—northwest of 20—as an agreed datum post, resulting in a line between the named 40's substantially in accordance with appellee's contention. It is true that the report and the decree undertake to describe, not only the line between the 40's in question, but a line projected southwardly to the south line of the two sections and ending vaguely and irrelevantly up in the air somewhere in that neighborhood; but to the extent that line lies south of the 40's it is of no consequence—it is surplusage. The line decreed between the 40's answers the purpose of the litigation, and, so far as we are able to see, it has been correctly located.

[2] Appellant complains of irregularities in the proceedings by which the line was located. After repeated failures to get a commission that would locate the line, the chancellor made a decree appointing "Marcus J. Fletcher, the register of this [the circuit] court," commissioner; but Fletcher resigned and went to the War, whereupon his successor, without further authority, undertook to execute the commission, and the decree is based upon his report. We think the trial court properly disposed of this objection, which is the only one finding support in the record. The court noted the fact that appellant had agreed to the appointment of the surveyor who aided the register, after which the register executed the commission, appellant interposing no objection, and then at his request the line was surveyed a second time; he paying the expense of the second survey, all this, of course, to get a favorable report from the surveyor and the register, his objection to the register's authority being raised for the first time after his failure to get what he desired, and after the report had been filed. The proceeding to locate the line was purely administrative, and the trial court properly held that appellant's objection to the authority of the register, an officer of the court assuming to act in virtue of an order to his predecessor in office, coming after an unsuccessful speculation as to the result, came too late.

The decree is affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.