153 So. 633
**SMITH et al. v. SIMMONS.**
**3 Div. 89.**

Supreme Court of Alabama.
March 22, 1934.

Hugh M. Caffey, Jr., of Brewton, for appellants.

H. C. Rankin, of Brewton, for appellee.
Brief did not reach the Reporter.

KNIGHT, Justice.

The appellee, Lillie Simmons, filed in the circuit court of Escambia county her suit, statutory ejectment, against John J. Smith, for the recovery of a small tract of land. The complaint also contained a count for forcible entry and unlawful detainer, as well as a count for trespass to the land.

The cause was, on motion of the defendant, transferred to the equity side of the docket, upon the theory that the controversy involved a disputed boundary line between the lands of the plaintiff and those of the

defendant, and that the cause could, for other reasons stated in the motion, be better and more efficaciously settled and disposed of in a court of equity.

After the court had granted defendant's motion to transfer, which seems not to have been resisted, the defendant, as required by sections 6491 and 6492 of the Code, filed his bill against the plaintiff in the ejectment suit, setting up the complainant's contention as to the true lines of the defendant's (Lillie Simmons') land, and of his own, and praying for the appointment of "a commission of surveyors to determine the true boundary line between the property of the complainant and defendant, giving instructions to said surveyors that they are to begin at the northwest corner of said forty acre tract, run a due east course one hundred yards, and then run in a southeasterly direction two hundred and sixty-five yards at such angle as will strike a line running two hundred and thirty-three yards due east from the west boundary of said tract," and for general relief.

The said Lillie Simmons thereupon filed her answer, making it a cross-bill, and prayed, among other things, that the court adjudge and decree the property described and sued for in her original complaint to be the property of the cross-complainant, and for general relief.

Pending the suit the complainant John J. Smith died, and the cause, by proper order, was revived in the name of the appellants, the said Benjamin D. Smith, Jennie B. Smith, and Ella Smith. No point is made that they were not the proper parties in whose names the suit should be revived.

The testimony in the cause was taken by deposition, and not ore tenus in open court before the judge of the court.

Upon submission, the special judge of the court trying the cause was of the opinion that the description of the land in the deed of W. J. Powell and wife to the respondent and cross-complainant Lillie Simmons did not "include the one acre of land, more or less, that is in dispute," but was nevertheless of the opinion that the said Lillie Simmons had acquired the legal title to the disputed strip of land by more than ten years' adverse possession thereof before any litigation about the same arose.

The court thereupon entered a decree adjudging that the strip of land in dispute was the property of the said Lillie Simmons, and not the property of the complainants, and that the respondent, Lillie Simmons, was entitled to the possession of the same. The tract of land, consisting of about one acre, so ascertained by the court to be the property of said Lillie Simmons, is described in the decree as follows:

"A fractional part of the Southwest quarter of the Southwest quarter of Section Eighteen (18), Township One (1) North of Range Nine (9) East, more particularly described as follows, to-wit: Commencing at the Northwest corner of the SW¼ of SW¼ of said Section Eighteen, and thence run South along the section line a distance of two hundred and twenty (220) yards to the starting point; thence run East two hundred and twenty-seven (227) yards, more or less, to a point; thence run in a Southeasterly direction ten (10) yards, more or less, and to the Southeast corner of the tract of land conveyed to Lillie Simmons by W. J. Powell and wife, R. H. Powell, by deed dated June 15th, 1907, and recorded in Deed Book 62, page 101, in the Probate Office of Escambia County, Alabama; thence run in a Southwesterly direction two hundred and thirty-three (233) yards to a point on the West line of said Section Eighteen; thence run North along said Section forty-five (45) yards to the starting point."

The court ordered the issuance of a writ of possession, directed to the sheriff of Escambia county, Ala., ordering and directing him to place the said Lillie Simmons in possession of the said strip of land.

The court declined to appoint "a commission of surveyors" to make survey of said strip of land, and to establish landmarks, showing the boundaries of the same; holding that it was unnecessary. We take it that the court, in declining to appoint a surveyor to make the survey, had in view that the land was of but little value, and the cost of such a proceeding would be as much or greater than the real value of the land. We concur in that view at all events.

The appellants insist that the decree of the court is contrary to the weight of the evidence, and is also void for indefiniteness.

We have carefully read and considered the evidence, and are in agreement with the chancellor that the tract of land in dispute was and is the property of the said Lillie Simmons, acquired by adverse possession.

The insistence of the appellants is that the decree, in undertaking to describe and

define the boundaries of the land adjudged and decreed to be the property of Lillie Simmons, is not sufficiently definite and certain as to enable the sheriff to mark the same off.

Of course, when the decree speaks of "commencing at the Northwest corner of the SW¼ of SW¼ of said Section Eighteen," it means, and can only mean, the true northwest corner of said forty-acre tract. Clarke v. Earnest, 224 Ala. 165, 139 So. 223. When that corner is established by a competent surveyor, as will be engaged by the sheriff, there will be no difficulty in locating and designating the strip of land. The decree in describing the tract of land is not subject to the objection of being uncertain or indefinite, as urged by appellants' counsel.

We are further of the opinion that the court properly taxed the cost of the case against the complainants, Benjamin D., Jennie B., and Ella Smith.

It follows that the decree appealed from is due to be here affirmed, and it is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.