16 So.2d 857

**STANSELL v. THARP et al.**

**8 Div. 221.**

Supreme Court of Alabama.

Feb. 24, 1944.

Wm. F. McDonnell, of Sheffield, for appellees.

Wm. Stell, of Russellville, and Jas. E. Smith, Jr., of Tuscumbia, for appellant.

FOSTER, Justice.

This cause came here on appeal from a final decree determining a disputed land

line between two coterminous owners. The bill was filed by appellees and alleges that there exists a dispute as to such line, and sets up a description of the true line as they contend. The bill contains the statutory allegations and is otherwise sufficient. Section 2, Title 47, Code of 1940; section 129 (5), Title 13, Code of 1940.

After the testimony was taken, a note of testimony appears dated July 19, 1941, and an agreement of counsel to submit for final decree in vacation without notice to either party, dated August 12, 1941. And on September 25, 1941, a decree was entered reciting certain findings by the court, among them being that it is material and necessary to the determination of the issues in this cause to establish or fix the disputed boundary line between the lands of complainants and the lands of respondent and to appoint a competent surveyor to make a survey of said lands for that purpose. The court then decreed that Henry Gass be appointed to make a survey for the purpose of fixing or establishing the disputed boundary line in question; and set October 13, 1941, "as a day for hearing objections to the making of the survey hereby ordered. In event no such objections are filed or made by either party, the register shall immediately notify the said surveyor of his appointment and shall direct him to proceed forthwith to make such survey," and retained the cause for further orders.

The record shows no proceedings under that decree, and nothing in the cause appears until February 20, 1943, when the court made a decree reciting that the cause coming on to be heard on the pleadings and proof as noted by the register and, being considered, by decree declared a correct description of the true line as thus disputed and ordered it marked as required by section 4, Title 47, Code of 1940.

Appellant contends that this status violates Rule 68, Chancery Practice, Title 7, Appendix, Code of 1940, page 1103, which provides that a decree must be rendered within four months after the submission, or a resubmission shall be necessary. But, as we have indicated, the record does not otherwise show a submission. The decree appointing a surveyor was on its face interlocutory, and subject to alteration at any time before a final decree. The final decree was an implied annulment of that interlocutory order. It does not appear whether February 20, 1943, was during a session of the court for the call of equity cases, under Rule 61, Chancery Practice. It was open for the transaction of business at that time. Rule 3, Chancery Practice; section 114, Title 13, Code of 1940.

When nothing appears to the contrary in the record, we will presume that the decree was rendered at a session of the court ordered pursuant to Rule 61, supra. The transcript at the beginning shows that the proceedings were had in this cause at a regular term of the circuit court. See Pope v. Allinder, 219 Ala. 439, 122 So. 419 (3 and 4).

If either party wishes to contest that fact, the contrary not appearing on its face, and claims prejudice on account of it, he should have moved in the circuit court to set it aside because it is in violation of Rule 60 or 61, as the case may be. Ex parte Robinson, 244 Ala. 313, 13 So.2d 402 (7 and 8); West v. State, 233 Ala. 588, 173 So. 46.

No complaint is here made of any prejudice to appellant, but only that the decree was in violation of Rule 68, supra. But the record does not show that it was on a submission more than four months before its date. True, there is in the record a note of testimony dated July 19, 1941, which does not recite a submission at all. The decretal order follows a short time thereafter. The final decree refers to the proof as noted by the register, and there is only one such note in the record. The decree does not recite formally a submission, nor does such an order appear in the record. But the decree recites that the "cause coming on to be heard on the pleadings and the proof" indicates a submission as of that date. We construe it to mean that and further that the proof is as had been noted on July 19, 1941. Such a holding is consistent with the record and its recitals. It was sufficient in the absence of complaint duly made in the circuit court.

The disputed line is the boundary between the northwest quarter and northeast quarter of southwest quarter, section 27. This line was not one that was run by the original surveyors for the Government. The land on both sides of it was owned by J. O. Tharp. He sold to the respective parties to this suit. There is no question of an adverse possession or acquiescence in any certain location. The only issue is the true location of this interior line. It can only be ascertained with reference to the entire section, by fixing

the lines around the section, and their respective bearings, and locating each forty proportionately considering the size of the section.

■ There were two surveys made and they differ. The only question is whether the court is reasonably satisfied as to the correctness of the line as found and fixed in the decree. The burden is not on either party as to the true location of the line in the sense that if the evidence is equally balanced he loses the controversy. While the bill sets out complainants' contention as to the location of the true line, the primary burden which complainants carry is to sustain the allegations showing the controversy, and that a situation exists which invokes the equity power of the court to find and fix the location of the line in dispute. Those facts are admitted in the answer. If complainants do not satisfactorily show that their contention is correct as to the true line, the cause is not due to be dismissed, nor does it necessarily result in finding according to the contention of respondent; but the court will proceed to find the true line, whether it is as either party contends. They may both be wrong in respect to their contentions. See, Ford v. Beam, 241 Ala. 340, 2 So.2d 411; Edwards v. Smith, 240 Ala. 397, 199 So. 811; Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558.

We confess difficulty in deciding which is correct. One survey was made by a highly educated and trained civil engineer with a degree from the U.S. Military Academy, with twenty-five years' experience, of which fifteen years were in Alabama. It is on his survey that complainants rely and which the trial court accepted, as done according to correct principles by which such a line should be located. The other surveyor had no training in school or college, and what he knew was derived solely from experience in the field with his father, who likewise was an uneducated surveyor. The son had a certificate from the Board of Registration for Engineers and Land Surveyors, and was entitled to practice surveying. See, section 129 et seq., Title 46, Code of 1940. The father and son were each successively county surveyor for Franklin County.

■ The trial court pursued the appropriate course in appointing an engineer as a commissioner and to become an officer of the court to make a survey and report his findings. See, Title 47, sections 5 to 12, Code of 1940; Guice v. Barr, 130 Ala. 570, 30 So. 563; Ashurst v. McKenzie, 92 Ala. 484, 9 So. 262; Harris v. Harris, 235 Ala. 89, 177 So. 330. For reasons which do not appear of record, this was not done by the engineer so appointed. A considerable period of time elapsed. We assume that the court found practical difficulties in having his order complied with. Smith v. Simmons, 228 Ala. 393, 153 So. 633. Another, and perhaps the better, course would have been to order a reference to the register, and for him to have a survey, if practicable, and, if advisable, inspect the locus personally and make report of his findings. Harley v. Chandler, 204 Ala. 207, 85 So. 546. But neither course was obligatory. In his discretion the trial judge could, as he did, proceed to decide it on the evidence taken. Smith v. Simmons, supra; Thomas v. Barnes, 219 Ala. 652 (14), 123 So. 18; Dudley v. Colonial Lumber Co., 223 Ala. 533 (10), 137 So. 429.

We have no statutes which require a different course in this sort of case.

■ The evidence was not taken orally before the judge. We think that the decision of the trial court was better supported than the other theory as to the location of the line. The decree is accordingly affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and STAKELY, JJ., concur.