51 So.2d 367

**ALLEN v. GLASSCOCK.**

**7 Div. 23.**

Supreme Court of Alabama.

Feb. 22, 1951.

Rehearing Denied March 22, 1951.

Lusk, Swann & Burns, of Gadsden, for appellant.

Miller & Pittman, of Gadsden, for appellee.

BROWN, Justice.

The appeal in this case is by the defendant from a final decree of the circuit court, sitting in equity, establishing the boundary line running east and west between the properties of the complainant and the defendant. The bill was filed September 18, 1948, alleging that the plaintiff was the owner of the following described real estate located in Etowah County, Alabama, towit:

"A tract or parcel of land described as beginning at the northeast corner of Lot No. 1 and from thence run in a southwesterly direction along the southeast lines of Lots Nos. 1 and 2 a distance of 133 ft. more or less to a point equidistant between the northeast corner and the southeast corner of said Lot No. 2; thence in a northwesterly direction, parallel with the southwest line of said Lot No. 2 to a point in the northwest line of said lot; thence in a northeasterly direction along the northwest lines of Lots Nos. 2 and 1, a distance of 94 ft. more or less, to the northwest corner of Lot No. 1; thence in an easterly direction along the north line of Lot No. 1 a distance of 99 ft. to the point of beginning, said description embracing all of Lot No. 1, and a portion of Lot No. 2, in Block 'F', in the Elliott Addition No. 2, according to map thereof, recorded in Plat Book 'B', pages 2 and 3, Probate Office, and being in Gadsden, Etowah County, Alabama."

The bill also avers that the defendant is the owner of "Lot No. 1 in Block No. 2, of

the Allen Addition as shown by the map or plat thereof, according to Plat Book 'C', page 279, in the Judge of Probate Office, Etowah County, Alabama."

The bill further alleges that the boundary line between the coterminous owners is in dispute and unsettled at the north boundary line of the property hereinabove described as belonging to the plaintiff and that the south boundary line of the property herein described as belonging to the defendant and that said property of the plaintiff and the defendant is adjacent and join each other and that plaintiff and defendant are coterminous owners of the two above described properties.

After demurrer overruled the defendant answered and the pertinent part of the answer alleges, "That insofar as she is concerned, there is no dispute as to the location of the boundary line between the property owned by plaintiff and defendant and avers that the South line of her property, which is the North line of the property claimed by plaintiff is well defined by permanent markers, or other memorials and that such line, as claimed by defendant, has been recognized to be the dividing line between defendant's property and that claimed by the plaintiff, and his predecessors in title, for more than twenty years and that defendant has been in the open, adverse, peaceful, notorious, continuous possession of the property owned by her up to the boundary line as established along the South line thereof for more than twenty years."

The testimony was taken by oral examination of the parties and the witnesses before the Register. Among other evidence offered were the original plats filed in the office of the Judge of Probate of Etowah County, Alabama, laying out Allen's Addition dated July 19, 1940, and filed in the office of the Judge of Probate on the 22nd day of July, 1940, "being a part of Lister Survey of the Webb Five Acre Lot in the SE corner of the NE Quarter of the NE Quarter, Section 8, Township 12, South, Range 6 East, Gadsden, Alabama." Said plat also shows the location of Elliott's Addition No. 2 to the City of Gadsden in which complainant's property is located and shows the dividing line between the two properties in said separate additions to the City of Gadsden.

There was much evidence offered, including the testimony of two surveyors or engineers who surveyed the property for the respective parties, but the testimony of these surveyors is in conflict as to the location of said line. The court looking to the whole evidence fixed the line and attached to the decree a plat thereof which corresponds with the Plat of Allen's Addition recorded in Plat Book C, p. 279 in the office of the Judge of Probate of Etowah County.

After careful examination of the evidence in the record our conclusion is that the weight of the evidence sustains the conclusion expressed in the court's decree, which in effect fixes the dividing line between the parties along the Quarter Section Line between the NE Quarter of the NE Quarter of Section 8 and the SE Quarter of the NE Quarter of said section. And the evidence shows that the property has been bought and sold according to said Plat of Allen's Addition, which incidentally shows Elliott's Addition No. 2.

We are, therefor, of opinion that the decree fixing the said line should be affirmed. So ordered.

Affirmed.

FOSTER, SIMPSON and STAKELY, JJ., concur.

### On Rehearing

BROWN, Justice.

The rule of Stansell v. Tharp, 245 Ala. 270, 16 So.2d 857, applicable to controversies as to the location of land lines established by government survey where the only controversy is the location of such lines, is not apt authority in this case. Here the property is described not according to government survey but according to the plat of the additions to the City of Gadsden where the property has been sold and conveyed according to such

plat and where, as here, the location of said line would change and vary the length of lots thus sold and conveyed.

The application for rehearing is without merit and is overruled.

LIVINGSTON, C. J., and SIMPSON and STAKELY, JJ., concur.