252 So.2d 422

**Kate Wann McCULLAR**

v.

**Lynn CONNER.**

**8 Div. 416.**

Supreme Court of Alabama.

Aug. 19, 1971.

Rehearing Denied Sept. 30, 1971.

Pitts & Hamby, Tuscumbia, for appellant.

Norman W. Harris, Decatur, for appellee.

MADDOX, Justice.

Complainant Lynn Conner, as owner of a five acre tract of land, brought an action in the Equity Division of the Circuit Court of Lawrence County, claiming that Kate

Wann McCullar and others, including Alfred C. Harrison, as Adjutant General of the State of Alabama, were blocking or obstructing a right of way to his property. A drawing, not to scale, of the property involved is as follows:

[223Z]

Conner contended that the five acre tract he owned and the McCullar property at one time were held by a common grantor and that a right of way to his property along

what was described as Burden's Alley was reserved in each deed given transferring the property shown on the drawing as the McCullar property. Conner also claimed a right of way over the Courtland Air Base property, saying he had used it for more than twenty years. McCullar barricaded what Conner claimed was a public road which had not been abandoned and when the Adjutant General barricaded the road which Conner had been using on the Air Base to get to his property, he filed this action claiming that he was entitled to get to his property by what he said was the public road or that he was entitled to a right of way across the Air Base property by reason of the fact that he had used it for more than twenty years.

The trial judge heard the evidence ore tenus and also viewed the property personally, and directed a survey to be made. In his final decree he found that a public road existed from the property of the complainant Conner eastward along what was described as Burden's Alley to a public road which ran north and south along the half section line of Section 34 (the perimeter of Courtland Air Base). He made no finding with regard to Conner's claim that a right of way across the Air Base existed by virtue of usage and possession for more than twenty years. The trial judge ordered Kate Wann McCullar to remove the obstruction from what he determined to be a public road. McCullar then perfected this appeal.

■ McCullar claims here in Assignment of Error number 1 as follows:

"For that the trial court was without jurisdiction to render a decree in this cause in that the late wife of the Complainant, Frances T. Conner, was a deceased tenant in common to the real property in controversy and that she died intestate in 1949 leaving heirs and next of kin who were necessary and indispensable parties but who were made neither parties Complainant nor parties Respondent to which your Appellant duly excepted."

We have checked each page of the record to which our attention has been directed by Assignment of Error number 1, and fail to find on either of these pages a ruling of the trial court which the appellant claims to be erroneous. There was a motion to exclude the evidence made during the trial but our attention has not been directed to any ruling by the trial court on this motion to exclude.

■ The appellant refers our attention to portions of the record which contain a discussion between appellant's attorney and the trial court on the question of whether there was a variance between the allegations and proof in that the complainant alleged he owned the five acre tract, but the evidence showed that the heirs or next of kin of the late Frances T. Conner were necessary and indispensable parties to the cause since they were remaindermen in her one-half interest which she held as a tenant in common with her husband, the complainant. The appellant also made a motion to exclude the evidence but our attention has not been called to the page of the transcript where the court ruled on the motion to exclude the evidence. This Court has held that where there is reference to certain record pages following an assignment of error and we fail to find any such ruling on the page or pages referred to, no question is presented for our determination. Henry v. Jackson, 279 Ala. 225, 184 So.2d 133 (1966). This Court has also held that an assignment of error which does not specify any ruling of the trial court which is claimed as error presents nothing for review. Doughty v. City of Fayette, 278 Ala. 121, 176 So.2d 481 (1965). But even assuming the validity of the assignment of error, it would avail appellant nothing. Appellant contends that Conner owned only one-half of the property and held a life estate in the other half and that the remaindermen were indispensable parties and a decree could not be rendered

without their presence. Conner sought to remove an obstruction of a public road. The trial court found in his favor and ordered the obstruction removed. In Purvis v. Busey, 260 Ala. 373, 71 So.2d 18 (1954), the Court said:

> "Where a road is shown to be a public road, a private individual is entitled to an injunction against encroachment or obstruction thereon when he has sustained special damages different, not merely in degree, but in kind from that suffered by the public at large. Sandlin v. Blanchard, 250 Ala. 170, 33 So.2d 472."

Under the facts of this case, the trial court found a public road existed along the perimeter of the Courtland Air Base and that the appellant had obstructed this road. Conner, showing sufficient special damages from that suffered by the public at large, could maintain such an action without joining the remaindermen. The interest of the remaindermen in the property could not in any wise be affected by the decree. If and when they get possession of the property they may not object to the obstruction of the public road leading to the property but that possibility in no wise affects Conner's present right to sue in his individual capacity and as holder of the life estate in the property.

Appellant's Assignments of Error numbers 2 and 3 are as follows:

"Assignment of Error No. Two—For that the Trial Court erred in assuming jurisdiction and proceeding to final decree in this cause in that this cause was barred by the Statute of Limitations of Ten Years by virtue of Title 7, Section 20, of the Code of Alabama, 1940, as last amended, at the time of the filing of the Bill of Complaint in this cause to which your Appellant duly excepted."

"Assignment of Error No. Three—For that the Trial Court erred in assuming jurisdiction and proceeding to final decree in this cause in that this cause was barred by the Complainant's (Appellee's) own laches at the time of the filing of the Bill of Complaint in this cause to which your Appellant duly excepted."

The two assignments of error are deficient in that they do not specify any ruling of the trial court on any page of the record referred to in the assignments of error. There are references made to the record but our attention is called to no *ruling of the trial court* which is alleged to be erroneous. Furthermore, the court did not commit error in *assuming jurisdiction*. The appellant apparently complains that the trial court erred in not denying relief to the complainant because the cause of action was barred by the statute of limitations or by laches. We pretermit discussion of the point that the trial court should have denied relief because the claim was barred by limitations or laches.

In Assignments of Error numbers 4, 5, 6, 7, 8, and 9, the appellant claims the court erred in appointing a surveyor, and failed to follow the requirements of law contained in Title 47, Sections 5, 6, 7 and 8, Code of Alabama, 1940. Before final decree, the trial judge entered an order in which he found "that a survey of the North-South half-section line of Section 34, Township 4 South, Range 8 West is essential in order that the ends of justice be met." He directed the Register to appoint a surveyor by order dated June 19, 1970. By order dated June 23, 1970, the Register directed a survey to be made on June 26, 1970. Our attention has not been directed to any objection to the entry of these orders before or after final decree. Appellant claims that under the statute, the trial court should have given at least 10 days' notice of the appointment and set a date for hearing objections to the appointment. Appellant is correct in asserting that the provisions of Title 47, Sections 5, 6, 7 and 8 are to the effect that the court decree should fix a date on which to hear objections and to direct the parties to show

cause why such a survey should not be made as proposed in the decree. The notice to show cause shall be for not less than ten days.

■ Even admitting the irregularity of the decree for failing to set a date for hearing objections and to order the parties to show cause why the survey should not be made, the question is whether such failure here constitutes prejudicial error to reverse. We think that the proper remedy for testing the decree of the court appointing the surveyor [an interlocutory order and subject to alteration at any time before a final decree under this Court's decisions in Stansell v. Tharp, 245 Ala. 270, 16 So.2d 857 (1944), and Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520 (1948)] would have been to file a motion in court to set it aside and allow objections to be filed. The rulings on such motion, if adverse, would be subject to review in an appropriate manner. See State v. Woodroof, 253 Ala. 620, 46 So.2d 553 (1950), and cases there cited.

This Court has commended the appointment by courts of competent surveyors pursuant to Title 47, § 5, in disputed boundary line cases. See Deese v. Odom, 283 Ala. 420, 218 So.2d 134 (1969). See also Stansell v. Tharp, supra, where this Court said:

"The trial court pursued the appropriate course in appointing an engineer as a commissioner and to become an officer of the court to make a survey and report his findings. See, Title 47, sections 5 to 12, Code of 1940; Guice v. Barr, 130 Ala. 570, 30 So. 563; Ashurst v. McKenzie, 92 Ala. 484, 9 So. 262; Harris v. Harris, 235 Ala. 89, 177 So. 330. For reasons which do not appear of record, this was not done by the engineer so appointed. A considerable period of time elapsed. We assume that the court found practical difficulties in having his order complied with. Smith v. Simmons, 228 Ala. 393, 153 So. 633. Another, and perhaps the better, course would have been to order a reference to the register, and for him to have a survey, if practicable, and, if advisable, inspect the locus personally and make report of his findings. Harley v. Chandler, 204 Ala. 207, 85 So. 546."

We are not to be understood as condoning the appointment of a surveyor without affording notice and an opportunity to object as provided for by statute. Objection to such irregularities should not be made for the first time on appeal.

■ Appellant's Assignment of Error number 10 is that the trial court erred in the final decree in that the State of Alabama was a necessary or indispensable party in order for a public road to be declared by virtue of Title 7, § 960. The assignment is without merit. In the first place, it does not specify any ruling of the court which is claimed as error and Title 7, § 960, has no application to this action which was one to cause the removal of an obstruction on a public road.

■ Appellant's Assignment of Error number 11 is as follows:

"Assignment of Error No. Eleven— For that the Trial Court erred in admitting into evidence Complainant's Exhibits Numbered 9 and 10 to which your Appellant duly excepted."

The two exhibits were minutes of the Board of County Commissioners of Lawrence County pertaining to action the Board took in connection with the roads or right of ways in question. In short, the Board found that a public road existed and was located substantially, if not exactly, where the trial court also found a public road to exist.

We do not know whether the trial judge considered these exhibits as evidence or not. The record to which our attention has been directed does not show any ruling of the trial court on the admissibility of the evidence. Since our attention is not

**462**

directed to any ruling by the trial court on the admissibility of the two exhibits, we must presume that the trial court considered only the evidence which was properly admissible and since there was sufficient legal evidence to support the court's findings, we will sustain the decree as if it were a verdict of a jury. Gibson v. Anderson, 265 Ala. 553, 92 So.2d 692 (1957). In Dougherty v. Hood, 262 Ala. 311, 78 So.2d 324 (1954), this Court said:

"In offering testimony on the trial, section 372(1), Title 7, Pocket Part, Code, was observed with respect to objections to it. The court did not specially rule on the legality of any evidence, but under that statute, we presume, he only considered that which was relevant, material, competent and legal. We must uphold the finding by the court when there is legal evidence before him as if it were the verdict of a jury notwithstanding section 17, par. 1, Title 13, Code. Andrews v. Grey, 199 Ala. 152, 153, 74 So. 62. The trial judge 'looked over the disputed land' in question. In light of that situation we do not feel justified in reversing the finding of the court on the issue of adverse possession."

Act No. 101, approved June 8, 1943, Acts 1943, p. 106, carried in Title 7, § 372 (1), Code of Alabama, 1940 (Recompiled, 1958).

Appellant's Assignment of Error number 12 is as follows:

"Assignment of Error No. Twelve— For that the Final Decree of the Trial Court is palpably wrong and is against the great weight of the evidence."

This assignment of error is similar to the assignment of error found insufficient in Morris v. Yancey, 272 Ala. 549, 132 So.2d 754 (1961). We reach the same conclusion with regard to Assignment of Error. number 12 on this appeal.

Having carefully considered all argued assignments of error, we find no prejudi-

cial error is made to appear. We affirm the judgment of the trial court.

Affirmed.

MERRILL, HARWOOD and McCALL, JJ., concur.

LAWSON, J., concurs in the result.