MADDOX, Justice.
This is a boundary line dispute.
The trial judge heard the evidence without a jury in August, 1972; took the case under advisement; and in July, 1977, appointed a registered surveyor “to survey and determine the true boundary line between the parties and to mark the same by setting concrete judicial markers at each end of the line and along the line as he *1173 determines necessary to adequately mark the line between the parties . . . ”
On May 1, 1978, without further hearing, the court entered a final judgment fixing the boundary line between the parties as set by the surveyor.
Appellants, without filing a post judgment motion with the trial court, filed a notice of appeal here, and argue that the due process provisions of the United States and Alabama constitutions were violated when the trial judge entered a final decree without holding a hearing to allow them to object to the court appointed surveyor and his report. They also claim that the judgment should be set aside because Alabama’s Code provisions dealing with the determination of boundaries require that the “survey- or shall appear on such day as is fixed by the court for examination by the court or any interested parties or their attorneys relative to such report and map or plat.” Ala.Code § 35-3-24 (1975) (Emphasis added.)
In McCullar v. Conner, 287 Ala. 455, 252 So.2d 422 (1971), this Court held that a party cannot raise for the first time, on appeal, the trial judge’s failure to follow the statutory requirements for appointing a surveyor and allowing parties to object to it. A remedy for testing the judgment was available; that remedy being a motion to set aside the judgment in order to allow objections to be filed. Rules 59 and 60, ARCP. In short, the judgment entered was not void; therefore, if the appellants desired relief from the judgment, they should have filed a motion under Rule 59 or 60, ARCP. McCullar, supra.
AFFIRMED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.