This case arose from a dispute between coterminous land owners over the boundaries separating their property. Appellants, plaintiffs below, contend that the trial court's decree establishing the coterminous boundaries is erroneous as a matter of law. We affirm.
The Grahams' (appellants') land lies immediately northeast of the McKinneys' (appellees') land. The disputed boundaries are a north-south line, and an east-west line running east from the southern point of the north-south line.
The Grahams purchased their property in August of 1979. About six months later, the McKinneys purchased their property and engaged Mr. Chester A. Smith, a licensed and registered engineer and land surveyor, to conduct a survey (the McKinney survey) of their property. When completed, this survey indicated that the boundary line on the west side of the Graham property was several feet to the east, and the line to the south of the Graham property was several feet to the north, of the boundary lines claimed by the Grahams.
In order to settle the discrepancy, the Grahams filed suit against the McKinneys in the Circuit Court of Fayette County, Alabama, on March 5, 1982. The Grahams asked the court to establish the true coterminous boundary lines between their property and that of the McKinneys.
The trial court rendered a memorandum opinion and order on February 8, 1983, establishing the boundary lines to be the lines described by the McKinney survey.
The Grahams appealed to this court from that order, alleging: (1) the trial court erred by requiring appellants to establish the elements of adverse possession as to the disputed strip of land in order to prevail; and (2) the trial court's order establishing the boundary lines according to the McKinney survey was palpably wrong and manifestly unjust. We do not agree.
At the outset, it appears that appellants have interpreted the trial court's opinion incorrectly. The opinion did not require appellants to prove the elements of adverse possession in order to prevail as to their proposed boundary lines. Rather the lower court merely pointed out that appellants failed to meet their burden of proof under the theory of adverse possession so as to conclusively establish that the lines they assert are the true boundary lines.
In Kerlin v. Tensaw, 390 So.2d 616, 618 (Ala. 1980), we stated:
 "Boundary disputes are subject to a unique set of requirements that is a hybrid of the elements of adverse possession by prescription and statutory adverse possession. In the past there has been some confusion in this area, but the basic requirements are ascertainable from the applicable case law. In a boundary dispute, the coterminous landowners may alter the boundary line between their tracts of land by agreement plus possession for ten years, or by *Page 894 
adverse possession for ten years. . . . [Citations omitted.] The rules governing this type of dispute are, in actuality, a form of statutory adverse possession. [Citations omitted]."
This language indicates that in a boundary dispute a coterminous landowner has at least two methods by which he himself can establish the true and correct boundary line, namely, (1) by agreement, or (2) by adverse possession. However, should the landowner fail to meet the burden of proof under either of these methods, it does not necessarily follow that the landowner is precluded from prevailing in the suit.
In Ray v. Robinson, 388 So.2d 957, 962-63, (Ala. 1980) (quoting Stansell v. Tharp, 245 Ala. 270, 16 So.2d 857 (1944)), this court noted:
 "The burden is not on either party as to the true location of the line in the sense that if the evidence is equally balanced he loses the controversy. While the bill sets out complainants' contention as to the location of the true line, the primary burden which complainants carry is to sustain the allegations showing the controversy, and that a situation exists which invokes the equity power of the court to find and fix the location of the line in dispute. . . . If complainants do not satisfactorily show that their contention is correct as to the true line, the cause is not due to be dismissed, nor does it necessarily result in finding according to the contention of respondent; but the court will proceed to find the true line, whether it is as either party contends. They may both be wrong in respect to their contentions. See, Ford v. Beam, 241 Ala. 340, 2 So.2d 411; Edwards v. Smith, 240 Ala. 397, 199 So. 811; Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558. See also Bryan v. W.T. Smith Lumber Co., 278 Ala. 538, 179 So.2d 287 (1965). If, on the basis of the pleadings and evidence presented at trial, a trial court is convinced that a controversy exists concerning the location of a boundary line, it is empowered to evaluate the evidence and reach a conclusive determination on the true location of the line; however, in doing so, it shall not be constrained by the pleadings to establish only a boundary line that is requested by either party. To the contrary, the court must proceed to find the true line, whether it is as either party contends. Stansell v. Tharp, supra; Deese v. Odom, 283 Ala. 420, 218 So.2d 134 (1969)." (Emphasis added.)
Reviewing the record, in light of the above-stated principles, this Court finds it clear that the trial court followed the law and proceeded properly in this case. The lower court tested the sufficiency of appellants' contentions as to the true boundary lines. The court properly found that appellants had not met their burden of proving adverse possession as to the disputed area of land. Since there existed an obvious dispute as to the boundary lines, it became the responsibility of the trial judge to determine the true and correct lines, which he did.
Furthermore, the trial judge did not err in using the McKinney survey as the basis of his judgment. A judgment of the trial court establishing a boundary line between coterminous landowners need not be supported by a great preponderance of the evidence; the judgment should be affirmed if, under any reasonable aspect of the case, the decree is supported by credible evidence. See Kirby v. Jones, 370 So.2d 250 (Ala. 1979); Buckley v. Carroll, 366 So.2d 1094 (Ala. 1978); Edwardsv. Farmer, 285 Ala. 118, 229 So.2d 507 (1970).
In the present case, the McKinney survey, which was conducted by a registered surveyor, while perhaps not conclusive, was certainly credible evidence.
Furthermore, in reviewing the judgment of the trial court in actions involving boundary disputes between owners of coterminous land, the Supreme Court will not enter a reversal unless the judgment of the trial court is palpably erroneous and manifestly unjust. Ray v. Robinson, 388 So.2d 957 (Ala. 1980); Jemison v. Belcher, *Page 895 368 So.2d 849 (Ala. 1979); Smith v. Nelson, 355 So.2d 359 (Ala. 1978).
Reviewing the entire record and briefs in this case, we can find no palpable error or manifest injustice in the trial court's decision. We hold, therefore, that the trial court did not err in establishing the true and correct coterminous boundaries of the property according to the McKinney survey. Thus, the trial court's decision is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.