ON APPLICATIONS FOR REHEARING
HOUSTON, Justice.
The original opinion in this case is withdrawn and the following is substituted therefor:
Gary Pugh Realty, Inc. (“Pugh”), appeals from a summary judgment for all defendants. We affirm in part, reverse in part, and remand.
In its complaint, Pugh sought an injunction directing defendants to cease blocking a “public” road and directing that all obstructions be removed therefrom.
An entity may bring an action to prevent the obstruction of a public road where it has suffered damages different in kind and degree from those suffered by the public in general. Williams v. Norton, 399 So.2d 828 (Ala. 1981); Hall v. Polk, 363 So.2d 300 (Ala.1978); McCullar v. Conner, 287 Ala. 455, 252 So.2d 422 (1971).
The evidence before the trial court showed that a second road, which parallels the alleged “public” road that was allegedly blocked, had been accepted by the county as a public road more than six months before Pugh filed its complaint. The undisputed evidence shows that this second road permits access that is as convenient as that afforded by the alleged “public” road that was allegedly blocked, and that travel over this second road does not force Pugh to take a more circuitous route to the outside world. Pugh, in its brief, concedes that this “might possibly render moot any need for injunctive relief.” We agree that it is rendered moot, and we affirm this aspect of the summary judgment.
Pugh, in its complaint, also sought damages for obstruction of a “public” road. The evidence before the trial court at the time summary judgment was granted showed that Pugh owned property that was connected to Gladden Lane, a public road, by an access road. There was disputed evidence before the trial court at the time the summary judgment was granted as to whether this access road was a public road.[1] Pugh contends that the placing of *1306 "private road” signs at the point where this access road intersected Gladden Lane, the erection of speed breakers on the access road, the maintenance of a longstanding fence in the access road, and the placing of stakes in the ground in the access road prevented it from selling all of its property at a public auction, which was handled and advertised by J.P. King Auction Company, and has adversely affected the subsequent private sale of that portion of the property not sold at auction. This took place before the new public road was built, dedicated, and accepted by the county.
If the access road was a “public” road, then Pugh’s complaint did state a cause of action. In Goggans v. Myrick, 131 Ala. 286, 292, 31 So. 22, 24 (1901), a case involving obstruction of a public road, this Court wrote the following:
“The inconvenience alleged to have resulted to plaintiff from the obstruction [of a public road] in hindering ingress to and egress from his abutting homestead, was a species of injury which bore peculiarly on him and was a sufficient predicate for an action for his individual reparation, as distinguished from a suit in behalf of the public.”
As noted previously,[2] we think that the evidence is sufficiently in conflict to foreclose entry of a summary judgment on the issue of the “public” or “private” nature of the road. In his affidavit, Gary Pugh, the president of Pugh, swore that there was a large piece of wood placed across the road that restricted the use of the road; that posts with strings attached thereto were placed in the road, greatly restricting access to Pugh’s property; and that signs were posted declaring the road to be a private road, discouraging the use of the road. Gary Pugh concluded that all of this had greatly affected the ability of Pugh to rent or sell its property. The defendants presented evidence that the access road was a private road and that Pugh was never denied access to its property.
Pugh in its brief candidly admits that “after trial of all issues presented, Pugh might be unsuccessful in obtaining anything sought within [its] Complaint.”
Nevertheless, our standard of review of a summary judgment for a defendant based on the ground that the defendant has disproved plaintiff’s cause of action is to determine whether the plaintiff has offered some evidence as to every element of the cause of action. Summary judgment for the defendant in such a case is proper only when it clearly appears, with no genuine issue as to any material fact, that, as to some essential element of the cause of action, there is no evidence. See Rule 56(c), Ala.R.Civ.P. In determining whether there is some evidence of every element of a cause of action, this Court must review the record in a light most favorable to the plaintiff and resolve all reasonable doubts against the defendant. Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala.1986); Autrey v. Blue Cross & Blue Shield, 481 So.2d 345 (Ala.1985).
There was some evidence supporting Pugh’s allegations that the access road was a public road, that it was obstructed by the defendants, and that the obstruction *1307 caused a particular economic disadvantage to Pugh different from that caused to the public at large.
We are persuaded that summary judgment as to the claim for damages was not appropriate, when we review the record in a light most favorable to Pugh and resolve all reasonable doubts against the defendants. Therefore, the trial court should not have granted summary judgment on the damages aspect of this case, and the judgment is reversed to that extent.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATIONS OVERRULED; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
MADDOX, JONES, ALMON and BEATTY, JJ., concur.

. We note this issue only because the appellees raise it tangentially in their brief on this appeal.
It is unclear, however, whether the appellees intended, in their motion before the trial court, *1306 to focus on the status of the road, because they emphasized instead the issue of whether the plaintiff was denied access to its property. Indeed, in their brief before this Court, the appel-lees, after discussing the merits of this issue, then proceed to argue at one point that “the public or private nature of the access road, while academically interesting ... should not be determined by this Court on appeal." Appellees’ Brief on Appeal, at 16.
Assuming that this issue is before us, we resolve it by deciding that, on the current state of the record, there is sufficient conflict in the evidence on this point to submit the issue to the jury.
We reach this conclusion in part because several copies of a recorded plat depicting the property were before the trial court on the motion for a summary judgment. This plat was prepared by Pugh’s grantor, and it clearly depicts the access road now in dispute. The depiction of the road on this plat raises a scintilla of evidence of an intent to dedicate the road for public purposes, see Whitten v. Ferster, 384 So. 2d 88 (Ala.1980); consequently, we hold that the entry of a summary judgment on this issue would have been improper, assuming that this issue is before us in the first place, and that it was considered by the trial court in ruling on the motion.

. See note 1, supra.