MADDOX, Justice.
This is a boundary line dispute. The plaintiffs, Albert and Majorie Rozelle, sued Oscar and Ruby Carr, claiming that the Carrs had trespassed and cut timber on their property.
The Rozelles asked the court to set the proper boundary line between their properties; they also sought $3,500 in damages.
The dispute between the parties concerns the location of the northern boundary line of the Rozelles’ property, which is the southern boundary line of the Carrs’ property.
A section line divides the two properties. The Carrs contend they own land to a point south of the section line. The Rozelles contend they own land to a point north of the section line. Thus a strip of land on either side of the section line is claimed by both the Carrs and the Rozelles. The trial judge rejected both parties’ claims and established the section line as the boundary between the two parcels.
The Carrs contended at trial that they had obtained title to the disputed parcel by adverse possession. The trial judge heard ore tenus testimony and also viewed the land. He then entered a judgment in accordance with a survey made by John Rat-ley, a licensed surveyor, who testified at trial; he ordered the defendants to pay court costs and the cost of setting up judicial markers on the land, and denied the plaintiff’s damage claim. The defendants brought this appeal.
The Carrs bought their property on August 29, 1960. The Rozelles bought theirs on December 9, 1976. The Carrs presented evidence that when they purchased the land, Mr. Carr owned some cattle and that he constructed a fence that was not on the boundary line; but that in 1962 he was shown a comer by a Mr. Peoples, who was doing a survey for another party, and that at that time he placed an eight-foot iron stake at that spot and placed rocks around it. It is undisputed that this iron stake is located at a point south of the actual southern boundary of the Carr property. The Carrs claim that they possessed the disputed strip adversely and that their adverse possession was shown by evidence that they had cut timber off it and that they also had allowed others to cut timber off the tract. They also presented evidence that they had blazed trees westward from the iron stake placed by Mr. Carr after he was told by another surveyor where. his comer was located.
The Rozelles presented evidence that the disputed strip had been in the possession of the Rozelle family for 70 years, and that the northern boundary was marked by a fence that was standing at the time of trial and had been standing “since the memory of man runneth not to the contrary.” The Rozelles also presented other evidence by witnesses who were familiar with the property, and each testified that they had always recognized the fence as the northern boundary of the Rozelle property. Appel-lee Rozelle admitted that Carr had cut timber south of the fence from 1965 until *28 1984, when Carr’s cutting of timber resulted in this lawsuit being filed.
In 1985, Rozelle hired John Ratley, a licensed surveyor, to survey his property. The Ratley survey showed that the section line was approximately half way between the fence and the iron stake that appellant Oscar Carr had placed on the property in 1962. The trial judge viewed the property, and then adopted the results of the Ratley survey as the true boundary, and ordered that “judicial markers” be placed at each of the corners of the north section line:
“It is ORDERED, ADJUDGED AND DECREED by the Court that the boundary .line separating the contiguous parcels of land owned by the plaintiffs and the defendants is hereby established by the Court as the north line of Section 20, Township 21 S, Range 6 E, Huntsville Meredian [sic], Clay County, Alabama, as shown by survey of John L. Ratley, Jr., Ala.Reg. No. 12157, dated March 1, 1985, a copy of which survey is attached hereto and incorporated herein for identification purposes, and further identified as Plaintiff’s Exhibit No. 1 at trial.”
The Rozelles (appellees) contend that their evidence established that the old fence was recognized as the boundary line; nevertheless, they say, in brief: “The trial court ... rejected both parties’ contention as to where the boundary line is located,” and “the Court adopted the survey of Mr. Ratley ... as the true and correct line.” They did not cross-appeal, however.
Each party presented evidence that, if believed, would have shown that each possessed the disputed parcel. The trial judge, however, accepted the evidence presented by Ratley that the true boundary line between the parties was as shown by his survey.
“A judgment of the trial court establishing a boundary line between coterminous landowners need not be supported by a great preponderance of the evidence; the judgment should be affirmed if, under any reasonable aspect of the case, the decree is supported by credible evidence.” Graham v. McKinney, 445 So.2d 892, 894 (Ala.1984).
Because there was credible evidence presented by the surveyor to support the trial court’s judgment, we are of the opinion that the decree of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.