As the party seeking to compel arbitration, Celtic bears the burden of proving the existence of a valid contract providing for arbitration.Marshall Durbin Farms, Inc. v. Fuller, 794 So.2d 320 (Ala. 2000); andTransouth Fin. Corp. v. Bell, 739 So.2d 1110, 1114 (Ala. 1999). The insurance policy itself contains the arbitration provisions Celtic seeks to invoke. Celtic's rescinding the policy, including its arbitration provisions, forecloses the very proof Celtic needs to carry its burden. A party who bears but does not successfully carry a burden of proof loses the issue. Stansell v. Tharp, 245 Ala. 270, 16 So.2d 857 (1944). See,e.g., Marshall Durbin Farms, supra. To the extent that Celtic Life Ins.Co. v. Lindsey, 765 So.2d 640 (Ala. 2000), holds to the contrary, it is mistaken for ignoring the placement of the burden to prove a valid contract in order to compel arbitration. We should affirm the order denying the motions to compel arbitration.